KENNETH B. KENT, Claimant and Respondent, *v.* CECIL JACK SIEVERT, Employer, Industrial Accident Board, Defendant and Appellant.

No. 12031.
Submitted September 2, 1971.
Decided September 23, 1971.
489 P.2d 104.

L. V. Harris, argued, Helena, for defendant and appellant.

Lyman H. Bennett, Jr., argued, Bozeman, for claimant and respondent.

PER CURIAM.

This appeal is taken by the State Industrial Accident Board, hereinafter called the Board, from a district court order granting Kenneth B. Kent, hereinafter called claimant, a lump sum payment in settlement of his claim for workmen's compensation benefits.

Claimant sustained an industrial accident on June 19, 1968 and on July 24, 1968 filed a claim for workmen's compensation with the Board. The claim was approved and payments of compensation commenced on August 28, 1968 in the amount of $40 per week.

On February 13, 1970 claimant, through his attorney, filed a "Petition for Lump Sum Settlement" with the Board. After a hearing on the petition the Board entered an "Order Awarding Compensation" dated August 24, 1970 wherein it made an open-end award of compensation up to the maximum of 500 weeks compensation and denied the request of the claimant for a lump sum settlement.

The claimant then appealed the decision of the Board to the district court. The district court entered its order overruling and reversing the Board's decision and ordered the payment of 500 weeks compensation in lump sum after deducting an allowance for payments claimant had previously received.

The sole issue for review is whether the district court erred in reversing the decision of the Board and granting a lump sum settlement.

Claimant Kent has a wife but no minor dependents and he receives in addition to his benefit payments of $40 per week $171.-30 monthly as a disability payment from social security. He established no pressing need or outstanding indebtedness other than legal fees incurred by pursuing his petition for a lump sum settlement, the very subject of this appeal.

His only anticipated use of the sought after lump sum is, as

claimant stated, to put it "on interest." These facts appear in the record of the hearing before the Board and the testimony before the district court and are not in dispute.

Commutation of periodic benefit payments to lump sum settlements is authorized by section 92-715, R.C.M.1947. This section vests wide discretion in the Board as to the amount of such lump sum payment and the advisability of such conversion.

That it was the intent of the legislators that periodic payments should be the rule, and lump sum settlements the exception, is well established in Montana. See Williams v. Industrial Acc. Board, 109 Mont. 235, 97 P.2d 1115, and cases cited therein.

That the Board's discretion in granting or denying lump sum settlements will not be interfered with on appeal unless there is an apparent abuse of discretion is likewise well established. Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 268 P. 495; Landeen v. Toole County Refining Co., 85 Mont. 41, 277 P. 615.

In our view, under the facts disclosed in this record, the Board was correct in denying lump sum payment and the district court erred in concluding that the Board abused its discretion. The judgment of the district court is reversed and the order of the Industrial Accident Board dated August 24, 1970 is reinstated and affirmed.