No. 12591

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

WILLIAM KUEHN,

Claimant and Appellee,

-vs-

NATIONAL FARMERS UNION PROPERTY
and CASUALTY COMPANY,

Defendant and Appellant.

---

Appeal from: District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Hutton, Sheehy and Cromley, Billings, Montana
Brent Cromley argued, Billings, Montana

For Respondent:

McDonough and Cox, Glendive, Montana
Dale Cox argued, Glendive, Montana

---

Submitted: March 22, 1974

Decided: APR 26 1974

Filed: APR 26 1974

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant and appellant, National Farmers Union Property and Casualty Company, brings this appeal from an order of the district court of Dawson County which affirmed an order of the Workmen's Compensation Division granting claimant and respondent William Kuehn, hereinafter referred to as claimant, a partial lump sum award of benefits.

On June 28, 1971, claimant Kuehn sustained an injury in the course of his employment with the Farmers Union Grain Terminal Association at Glendive, Montana. Claimant was 59 years of age, married, with no children and had less than a complete elementary school education. His injury necessitated extensive back surgery for a disc condition and he was informed by his physician that the probabilities of reoccurrence of injuries were substantial if claimant attempted any job requiring heavy use of his back.

Claimant's award was:

" * * * permanent partial disability benefits commencing June 27, 1972 in the amount of fifty-five (55%) per cent of the difference between his weekly wage at the time of his injury [$121.44] and any amount he may earn in the future, not to exceed forty ($40.00) dollars per week for a period not to exceed four hundred sixty-seven (467) weeks in accordance with the provisions of Section 92-703, R.C.M. 1947. (Payment for twenty-nine (29) weeks temporary total disability and four (4) weeks permanent partial disability having been previously paid. 500 less 33 = 467.)"

Claimant has had no employment since his back surgery, although it appears he has made some effort to find nonstrenuous work. In addition to the $40 per week workmen's compensation disability benefits, claimant receives monthly Social Security diability benefits.

In January 1973 he petitioned the Workmen's Compensation Division for a partial lump sum payment sufficient to pay out-

standing personal indebtedness then amounting to about $2,700. The division awarded a lump sum payment of $3,200, representing 80 weeks at the rate of $40 per week, to be taken from the last 80 payments of the total award granted. The insurer appealed this award to the district court. From the order of the district court sustaining the award the insurer brings this appeal, assigning the following issues:

(1) Whether the Division of Workmen's Compensation had the authority to grant a partial lump sum award to an employee, with that lump sum deducted from the last 80 payments of a 500 week award for partial disability.

(2) Whether the Division of Workmen's Compensation had the authority to grant a lump sum award of deferred payments without determining the estimated value of the present worth of such payments, and

(3) Whether the Division of Workmen's Compensation acted unreasonably and arbitrarily in granting a partial lump sum award of $3,200 to claimant.

The first and third issues relate to section 92-715, R.C.M. 1947, which provides:

> "<u>Biweekly payments converted into a lump sum.</u> The biweekly payments provided for in this act may be converted, in whole or in part, into a lump-sum payment, which lump-sum payment shall not exceed the estimated value of the present worth of the deferred payments capitalized at the rate of two per centum (2%) per annum. Such conversion can only be made upon the written application of the injured workman, his beneficiary, or major or minor dependents, as the case may be, and shall rest in the discretion of the board, both as to the amount of such lump-sum payment and the advisability of such conversion. The Board is hereby vested with full power, authority, and jurisdiction to compromise claims and to approve compromises of claims under this act; and all settlements and compromises of compensation provided in this act shall be absolutely null and void without the approval of the board. Any approval of the board must be in writing and set forth specifically the reasons for such lump-sum or compromise payment."

The terms of the statute seem plain and unambiguous--
"The biweekly payments provided for in this act" would certainly
include the permanent partial disability benefits awarded claim-
ant herein, "may be converted, in whole or in part, into a lump-
sum payment".

Appellant insurer argues that the application of the
partial lump sum payment in the instant case to the final 80
weeks, or "rear end" of the total award, engages in speculation
that the claimant will not find work, die, or otherwise lose
entitlement to his final 80 weeks of compensation. While this
argument is correct, it could also be argued that any workmen's
compensation disability award, whether permanent or temporary,
total or partial, weekly or lump sum, engages in the same or
similar speculation. In our opinion, the proper place for these
arguments is before an appropriate legislative committee rather
than before this Court. It is not within the province of this
Court to judicially impose a restriction upon the Workmen's
Compensation Division which is contrary to the express provisions
of a legislative enactment.

Concerning the scope of appellate review, this Court
stated in the case of Kent v. Sievert, 158 Mont. 79, 81, 489
P.2d 104:

> "Commutation of periodic benefit payments to lump
> sum settlements is authorized by section 92-715,
> R.C.M. 1947. This section vests wide discretion
> in the Board as to the amount of such lump sum pay-
> ment and the advisability of such conversion.
>
> " * * *
>
> "That the Board's discretion in granting or denying
> lump sum settlements will not be interfered with on
> appeal unless there is an apparent abuse of discretion
> is      likewise well established. Sullivan v.
> Anselmo Mining Corp., 82 Mont. 543, 268 P. 495;
> Landeen v. Toole County Refining Co., 85 Mont. 41,
> 277 P. 615."

A review of the Montana precedent on this point indicates

that conversion of weekly to either partial or total lump sum payments is the exception rather than the rule. This is, as it should be, in the best interests of the injured workman, whose paycheck is generally better substituted for by a weekly benefit check rather than a lump sum windfall. The criteria determinative of the advisability of conversion to a total or partial lump sum award have generally been held to be " * * * the best interests of the claimant, his family, and for the best interests of the public * * *." Kustudia v. Ind. Acc. Brd., 127 Mont. 115, 123, 258 P.2d 965. See also Legowik v. Montgomery Ward, 157 Mont. 436, 486 P.2d 867. The existence of a "pressing need" and/or "outstanding indebtness" has likewise been held to be relevant criterion, Kent v. Sievert, supra.

The appellate record indicates that claimant Kuehn's age, abbreviated education, somewhat limited literacy, lack of clerical work experience, inability to perform manual labor and increased vulnerability to back injury combined to render his employment prospects negligible. His past due indebtedness involved install-ments on his home and pickup truck and miscellaneous bills, in-cluding attorney fees. It could also be reasonably inferred that, if he were aided in becoming current on these various debts, his prospects of sustaining himself on his Workmen's Compensation and Social Security disability benefits would be improved.

Accordingly we find, as did the district court, that the Workmen's Compensation Division based its determination on sub-stantial credible evidence properly before it and entered an award that was within its discretion to grant and which would serve the best interests of the claimant.

The second issue concerns the provision of section 92- 715, R.C.M. 1947: " * * * [the] lump-sum payment shall not exceed the estimated value of the present worth of the deferred payments capitalized at the rate of two per centum (2%) per annum." Larson

on Workmen's Compensation, Vol. 3, §82.70, p. 354.30-31 (1971), states the general principle:

> " * * * Lump-sum settlements, when they are authorized by statute, are not compromises in the usual sense; that is, they do not assume concessions and adjustments in the amount of payment because of the existence of a disputed issue.  Rather, they are essentially commutations, and should be calculated on a sound annuity basis in accordance with any statutory rules provided. * * *"  (See also Cogdill v. Aetna Life Insurance Co., 90 Mont. 244, 255-56, 2 P.2d 292. (1931)

We find that this provision of the statute was not complied with, that the Division did not convert the lump sum to estimated present worth capitalized at 2% per year.

This cause is therefore remanded to the Workmen's Compensation Division for modification of the award in conformance with this opinion.

_____
                                       Justice

We concur:

_____
 Chief Justice

_____

_____
 Justices

- 6 -