No. 14558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

ANDREW J. UTICK,
                    Claimant and Appellant,
        -vs-
ANDREW J. UTICK d/b/a CAPITAL MOTEL AND
SERVICE STATION, Employer,
        and
STATE COMPENSATION INSURANCE FUND,
                    Defendant and Respondent.

_____

Appeal from:  Workers' Compensation Court
              Hon. William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Hoyt and Lewis, Great Falls, Montana
        John C. Hoyt argued, Great Falls, Montana

    For Respondent:

        Tim Reardon argued, Helena, Montana

_____

                        Submitted:  March 14, 1979

                          Decided:  APR 20 1979

Filed:    APR 20 1979


_____ Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Claimant Andrew J. Utick appeals from an order of the Workers' Compensation Court denying his request for a lump sum advance payment of total disability benefits due him from the State Compensation Insurance Fund.

Andrew J. Utick was the owner of the Capital Motel & Service Station in Helena, Montana, which he had operated and managed for the past 30 years. He had elected coverage for himself with the State Compensation Insurance Fund. Utick sustained two separate industrial accidents; the first on July 11, 1974, and the second on August 26, 1975. In the first accident, he sustained a fracture of the left ankle and foot. The second accident occurred when his weak left ankle collapsed and he fell and injured his back. At the time of the second accident, Utick was 63 years old.

As to Utick's first injury, the State Fund accepted liability and medical benefits were paid. Disability payments, however, were denied because Utick had allegedly lost no wages due to that injury. On the second injury, the State Fund denied the claim entirely on the grounds that Utick allegedly failed to file some required forms.

On June 21, 1977, Utick filed a petition for hearing with the Workers' Compensation Court, alleging that the State Fund had wrongfully failed and refused to pay the compensation due him. The petition asked that he be awarded temporary total disability compensation for the appropriate periods of time as a result of both industrial accidents; that his medical expenses be paid; that he be awarded a permanent partial disability award as a result of his injuries; that the award be paid in a lump sum; that he be awarded reasonable attorney fees and costs; and that the State Fund be assessed the statutory ten percent penalty

for unreasonable refusal to pay the claims.

A hearing was held on the petition on December 22, 1977, at which time the State Fund acknowledged that it had accepted payment of premiums from Utick in regard to the second accident and that therefore coverage as to that accident would be conceded despite his alleged failure to file the required forms. Findings of fact, conclusions of law, and judgment subsequently entered determined, among other things, that Utick was entitled to temporary total benefits for only a portion of what he had requested; that he was suffering a permanent partial disability of 50%; and that he was entitled to the 10% penalty increase on the award.

Utick filed notice of appeal from the judgment, but the notice was subsequently withdrawn when the State Fund's petition for rehearing was granted by the Workers' Compensation Court. The petition for rehearing was based on the fact that the Workers' Compensation Court's order was not clear as to whether Utick's permanent partial 50% disability was to be paid biweekly or in a lump sum, and on an alleged miscalculation of the rate of compensation. Utick concurred in the petition for rehearing, alleging that a new hearing was necessary because the court, contrary to the evidence, had not found that he was totally permanently disabled.

Prior to the second hearing, Utick filed an affidavit with the court again requesting that his benefits be converted to a lump sum settlement. The affidavit showed that if he could receive the present value of his future benefits in a lump sum, he would lend the money to a family corporation which in turn would finance expansion of a restaurant on property owned by the corporation. By so doing, the affidavit alleged, Utick would be guaranteed an income of $20,500 per year as his share of lease payments to the corporation, whereas compensation benefits paid

to him on a weekly basis would amount to only $7,923.76 per year.

At the rehearing, the Division of Workers' Compensation conceded the permanent total disability of Utick. The only issue contested was whether his request for a lump sum settlement should be granted. The Division resisted Utick's request for a lump sum award, but stated no reasons in support of its position. Both the Division and the Workers' Compensation Court acknowledged that the investment plan submitted by Utick in his affidavit in support of his request for a lump sum settlement would work. Nonetheless, the court found that while a lump sum settlement would be in Utick's best interests, the request would be denied since there was no real need shown. In its order of denial, the Workers' Compensation Court reasoned that payment under the plan proposed by Utick was "not in keeping with the spirit of the Act which is to pay compensation for loss of wages rather than indemnity payments for establishment of a claim." The court found that in Utick's case periodic payments best complied with the purpose and intent of the law. From the order denying his request for a lump sum settlement, Utick has brought this appeal.

Statutory authority for the conversion into a lump sum of biweekly payments provided for under the orkmen's Compensation Act is found in section 92-715, R.C.M. 1947, now section 39-71-741 MCA. The grant or denial of a lump sum settlement will not be interfered with on appeal unless there is an apparent abuse of discretion. Kent v. Sievert (1971), 158 Mont. 79, 489 P.2d 104; Kuehn v. National Farmers Union Property & Cas. Co. (1974), 164 Mont. 303, 521 P.2d 921. Thus, the only issue for our determination on this appeal is whether there was an apparent abuse of discretion by the Workers' Compensation Division in resisting, and the Workers' Compensation Court in denying appellant's request for a lump sum settlement under the circumstances present

here.

The general rule is that payments under the Workmen's Compensation Act are periodic. Lump sum settlements are an exception to the general rule. Malmedal v. Industrial Accident Board (1959), 135 Mont. 554, 342 P.2d 745; Laukaitis v. Sisters of Charity of Leavenworth (1959), 135 Mont. 469, 342 P.2d 752; Legowik v. Montgomery Ward (1971), 157 Mont. 436, 486 P.2d 867; Kent v. Sievert, supra; Kuehn v. Nat. Farmers Union Property & Cas. Co., supra. This does not mean, however, that lump sum awards are looked on with disfavor. They should be awarded without hesitancy "where the best interests of the parties demand it." Laukaitis, 135 Mont. at 474, 342 P.2d at 755, citing Landeen v. Toole County Refining Co. (1929), 85 Mont. 41, 47, 277 P. 615, 617. Each case for a lump sum payment stands or falls on its own merits. Codling v. Aztec Well Servicing Co. (1976), 89 N.M. 213, 549 P.2d 628.

The most recent Montana case discussing the question of lump sum settlements is Kuehn, supra, wherein the guiding principles are summarized as follows:

> "A review of the Montana precedent on this point indicates that conversion . . . to . . . lump sum payments is the exception rather than the rule. This is, as it should be, in the best interests of the injured workman, whose paycheck is generally better substituted for by a weekly benefit check rather than a lump sum windfall. The criteria determinative of the advisability of conversion to . . . a lump sum award have generally been held to be '. . . the best interests of the claimant, his family, and for the best interests of the public . . .'. (Citations omitted.) The existence of a 'pressing need' and/or 'outstanding indebtedness' has likewise been held to be relevant criteria; (Citation omitted.)" Kuehn, 164 Mont. at 307, 521 P.2d at 923-924.

This discussion in Kuehn recognizes what is adopted by the authorities generally as the reasoning behind the rule that payments under the Workmen's Compensation Acts should be made periodically rather than in a lump sum; that is, that the average

- 5 -

workman for whose protection the acts are intended would be incapable of handling a single large sum of money, would soon dissipate it, and would then be in as poor straits as if Workmen's Compensation had never existed. See 3 Larson's Workmen's Compensation Law §82.71.

While this underlying rationale may hold true in the majority of cases, it clearly does not apply here. On the contrary, it was demonstrated by Utick without dispute by the Workmen's Compensation Division or the Workers' Compensation Court that Utick could utilize a lump sum award to assure a substantial source of regular income for himself. Applying the criteria spelled out in Kuehn, supra, we hold that Utick's request for a lump sum settlement should have been granted.

We recognize that in this case there is absent the "pressing need" or "outstanding indebtedness" factor customarily relied on in lump sum settlement cases. Nonetheless, we find that because of the circumstances involved in this case the general criteria of "the best interests of the claimant, his family, and the best interests of the public" are better fulfilled if the lump sum award is ordered.

The circumstances that influence our decision in this case are not limited merely to the clear demonstration by Utick of what his best interests were from the economic or financial perspective. We are also persuaded by what appears to us as arbitrary and unfair treatment of Utick by the Workmen's Compensation Division from the very outset in handling his claim. Counsel for Utick stated during oral argument of this appeal that at no time during the pendency of the claim, including the time after which the Workers' Compensation Court had specifically ordered the Division to make certain payments to Utick, had the payments due him been current. Counsel for the Division conceded that Utick's claim had been badly mishandled and offered an apology to

Utick for any resulting hardship or inconvenience.  Because Utick clearly demonstrated what his best interests were and the Division established no countervailing interests, because the Division gave no reasons for not allowing the lump sum award but merely relied on its unbridled discretion, and because a lump sum award here will finally put an end to the conflict between Utick and the Division and allow him to "put behind him" the arbitrary treatment he has suffered (see Legowik v. Montgomery Ward, supra), we conclude that the denial of the lump sum settlement was an abuse of discretion.

We do not by this decision alter in any way the general rule or the principles established in our prior opinions regarding that rule, viz. that lump sum settlements are an exception to the usual mode of payment contemplated by the Workmen's Compensation Act.  We hold only that the circumstances of this case give rise to an occasion on which the exception should be applied.

The order of the Workers' Compensation Court denying appellant's request for a lump sum advance payment of benefits due him from the State Compensation Insurance Fund is reversed. As to the amount of the lump sum award, neither party to this appeal has supplied us with sufficient information to calculate the proper figure.  The amounts appellant has already received under the periodic payments being made to him up to the time of oral argument of this appeal and the method of discounting to present value the total due him for a lump sum settlement are referred to obliquely in the briefs, but the record is insufficient for us to undertake the calculation ourselves.  The claim is therefore remanded to the Workmen's Compensation Division with instructions to award appellant a lump sum settlement as it should have been calculated according to the usual lawful procedures of the Division as of October 23, 1978, the date the Workers'

Compensation Court erroneously denied the lump sum award, taking into account and adjusting for whatever amounts appellant was paid by the Division in periodic payments subsequent to that date. The 10% penalty increase ordered by the Workers' Compensation Court for the failure of the Division to pay Utick at the time the money was due shall also apply to the lump sum award ordered herein and the calculation shall be adjusted accordingly. That portion of the Workers' Compensation Court's order allowing reasonable attorney fees to Utick is affirmed. Each party shall bear its own costs and attorney fees on appeal.

Reversed in part and remanded.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 8 -