No. 81-92

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

JOHN W. KRAUSE,

Claimant and Appellant,

-vs-

SEARS ROEBUCK & COMPANY, Employer,

and

SEARS ROEBUCK & COMPANY,

Defendant and Respondent.

Appeal from:   Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Regnier & Lewis, Great Falls, Montana

For Respondent:

Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana

Submitted on Briefs:   August 6, 1981

Decided:   February 25, 1982

Filed:   FEB 25 1982

Thomas J. Kearney

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The claimant appeals a judgment of the Workers' Compensation Court in which he was denied the conversion of permanent total disability benefits into a lump sum award and denied his attorney fees and costs.

The claimant, John W. Krause, Sr., is presently 62 years old and resides with his wife in Augusta, Montana. He had been employed in Great Falls at the Sears warehouse since March 1960 and worked there continuously until May 13, 1976, when he injured his lower back while delivering a washing machine to a Sears customer. Sears is enrolled under Plan No. 1 of the Workers' Compensation Act as a self-insurer. Sears accepted liability for the claimant's injury and has paid benefits at the temporary total disability rate of $138.67 per week since the date of the accident.

After his accident, the claimant was examined by four doctors and underwent a myelography which revealed a herniated intra-vertebral disc in the lower back. Sears had the claimant examined by Dr. Melvin, an orthopedic surgeon, who recommended that the claimant undergo a type of surgery known as a laminotomy. The claimant's own physician, Dr. Popnoe, also an eminently qualified orthopedic surgeon, did not recommend surgery. Testimony conflicted as to the effectiveness and risks associated with this type of surgery. The claimant is generally opposed to surgery because he feels there is a risk that he could be further crippled by the surgery. He believes his fears are justified because after his daughter was hospitalized for a similar type of lower back surgery, her condition worsened.

Before the hearing in the Workers' Compensation Court, Sears took the position that the claimant was not permanently

totally disabled because he would not submit to the type of surgery recommended by Dr. Melvin. Sears, however, for the first time, conceded in its opening statement at the hearing that the claimant was _permanently_ totally disabled.

The claimant's petition for a lump sum award was based upon his plan to construct a small mobile home park, laundromat, and car wash on a two-acre plot of land in Augusta already owned by the claimant and his wife. He testified that he could not engage in any significant physical activity, but that his wife and son were available to assist him with the construction, operation, and maintenance of the project. Based upon a cursory inquiry and upon information furnished by the claimant, an appraiser testified that it was his conclusion that the project had only a limited chance for economic success.

The court refused to convert the claimant's disability benefits into a lump sum award because the claimant did not prove by a preponderance of the credible evidence that he had a pressing need for a lump sum settlement or that the project would be in his best interests. The claimant also contends that the trial court committed reversible error by allowing Sears to present the appraiser's opinion because he was not qualified as an expert and because he relied solely on hearsay evidence to reach his conclusion. The claimant asks this Court to reverse and remand the case for a determination of the amount of the lump sum award and the reasonable attorney fees and costs to be paid to the claimant.

The claimant's first contention is that the court erred by admitting opinion testimony by an appraiser who was not qualified as an expert in the field in which he testified. He argues that the record is totally devoid of any evidence which establishes that the appraiser was qualified to provide

expert opinion testimony regarding the feasibility of a project of this nature, as is required by Rule 702, Mont.R.Evid.

We conclude that the court did not err by permitting this witness to give opinion testimony. The Workers' Compensation Court is not bound by either common law or the statutory rules of evidence, including the prohibition against hearsay evidence. Section 39-71-2903, MCA. The record reveals that the Workers' Compensation judge clearly understood his role in admitting and weighing hearsay evidence. He stated at one point in the hearing that hearsay evidence would be allowed ". . . for whatever it is worth . . .." It is equally clear that the judge recognized that the appraiser's conclusions were based upon only a cursory investigation. The court stated in its findings:

> "25. Mr. Joe Tredik, an MAI appraiser and witness for the defendant, testified he had not done a complete feasibility study, but based upon a preliminary inquiry, he questioned the economic feasibility of all three projects.
>
> "26. Mr. Tredik testified that the data prepared by the claimant's son was not adequate to make a determination as to the economic feasibility of the projects.
>
> "27. Mr. Tredik testified that he viewed property in Augusta, Montana which he thought to be the land upon which the claimant proposed to construct his projects. It is clear from the evidence that Mr. Tredik was looking at the wrong property at the time he formed his opinions as to whether the projects would succeed or fail. Mr. Tredik conceded during cross examination that he did not know at the time he was testifying at the trial whether he had even seen the two acre parcel of land upon which the claimant proposed to put his projects. Mr. Tredik also testified that he had never previously performed an appraisal, a feasibility study or done anything connected with his appraisal work where he did not look at the particular parcel of land involved before he provided an opinion."

These findings adequately demonstrate that the court did not place any undue reliance upon the appraiser's testimony. In addition, there were no conclusions of law expressly or

-4-

impliedly relating to the appraiser's testimony.

The claimant's second contention is that the court erred by refusing to convert the claimant's permanent total disability benefits into a lump sum award as authorized by section 39-71-741, MCA.

The general rule is that disability payments under the Workers' Compensation Act are biweekly. They may, however, at the discretion of the Workers' Compensation Division, be converted into a lump sum settlement. While lump sum settlements are an exception to the general rule, they are not looked upon with disfavor and should be awarded without hesitancy where the claimant's interest would be best served. Willoughby v. Arthur G. McKee & Co. (1980), ___ Mont. ___, 609 P.2d 700, 702, 37 St.Rep. 620; Utick v. Utick (1979), ___ Mont. ___, 593 P.2d 739, 741, 36 St.Rep. 799; Laukaitis v. Sisters of Charity of Leavenworth (1959), 135 Mont. 469, 472-73, 342 P.2d 752, 755. The denial of a lump sum settlement will not be reversed on appeal unless the Workers' Compensation Court is shown to have abused its discretion. Willoughby, supra; Utick, supra; Kuehn v. National Farmers Union Property and Casualty Co. (1974), 164 Mont. 303, 521 P.2d 921; Kent v. Sievert (1971), 158 Mont. 79, 489 P.2d 104; Legowik v. Montgomery Ward (1971), 157 Mont. 436, 486 P.2d 867.

The court's conclusions of law reveal that it denied the request for a lump sum settlement because the claimant, being permanently totally disabled, was unable to perform physical tasks in connection with his proposed project. The claimant argues, however, that the evidence clearly shows that he at no time planned to handle the physical demands of managing the project himself. He asserts that his wife and

-5-

son are available to assist him with the physical demands of the project.

The Workers' Compensation Court is in a better position to familiarize itself with the circumstances surrounding the claimant and to consider his needs and the results which probably will follow the grant or denial of the request. Willoughby, supra, 609 P.2d at 704. The evidence does not clearly preponderate against the court's findings. The findings indicate that the court carefully considered the facts and issues. In particular, the court relied upon evidence of the claimant's disability, his lack of business experience, his incomplete consideration of objective data regarding the project, and the fact that the claimant's son testified that he lives 12 miles outside of Augusta and that his first priority during the winter months is to feed his cattle.

The claimant also argues that in Utick, supra, this Court has already established a precedent for making a lump sum award of permanent total disability benefits to a claimant who could not engage in substantial gainful activity. The claimant, however, has placed undue reliance on our decision to award a lump sum settlement in Utick. In Utick, we cautioned that our decision was based upon the particular circumstances of that case. Utick is to be distinguished from this case for the following reasons:

(1)    We did not believe that Utick had received fair
       treatment in the handling of his claim;

(2)    The fixed amount biweekly compensation payments
       to Utick had apparently not been kept current;

(3)    By awarding a lump sum settlement, we felt that
       the on-going disputes between Utick and the
       Workers' Compensation Division would be ended;

(4)    Utick's insurance carrier stated no reason for
       resisting a lump sum settlement and did not

-6-

> dispute the feasibility of Utick's plan for
> its investment; and
>
> (5) Utick's plan was to invest the lump sum settle-
> ment in a family-owned corporation which was
> already in existence and did not require the
> kind of maintenance and repairs that could be
> expected with a mobile home project.

In addition, the trial court here specifically found that there was no pressing need for the lump sum settlement. The claimant testified that he and his wife could live on his biweekly compensation benefits of $560 per month and his other income, consisting of federal disability income of $533 per month, rental income of $85 per month from a house he owns in Augusta, stock dividend income of $520 per year, payments of $440 per month under a contract for the sale of real property, and approximately $50 per month from Allstate Insurance Co. by virtue of the fact that Sears placed him on medical retirement. In addition, the claimant received $6,000 in cash in 1978 from his profit-sharing plan with Sears.

The claimant's third contention is that the Workers' Compensation Court erred by refusing to award the claimant his attorney fees and costs despite the fact that Sears unsuccessfully attempted to obtain an adjudication that it was not responsible for the payment of permanent total disability benefits because the claimant would not submit to back surgery. He argues that since he prevailed on the issue of whether the disability is permanent, he is entitled to recover his costs and attorney fees under section 39-71-611, MCA.

Section 39-71-611, MCA, however, is not the appropriate statute for determining whether attorney fees and costs should be awarded in this situation. That section provides that where ". . . an insurer denies liability for a claim for

-7-

compensation or terminates compensation benefits and the claim is later adjudged compensable . . . the insurer shall pay reasonable costs and attorneys' fees . . .." Sears has neither denied liability for the claim nor terminated benefits, although it did dispute whether the claimant's disability could be considered permanent where he refuses to submit to corrective surgery. According to the court's pretrial order, one of the contested facts of the case was "[w]hether or not the claimant is permanently totally disabled and if totally disabled, whether or not such disability proximately resulted in whole or in part from claimant's decision to not undergo surgical treatment."

In Polich v. Whalen's O.K. Tire Warehouse (1981), ___ Mont. ___, 634 P.2d 1162, 38 St.Rep. 1572, we held that section 39-71-612, MCA, governed the award of attorney fees where the claimant prevailed in a hearing where the issue was whether his benefits should have been converted into a lump sum settlement. We held that this constituted a controversy which was the difference between the amount of benefits tendered and the amount of benefits awarded, and therefore, that section 39-71-612, MCA, properly applied. Section 39-71-612, MCA, states:

> "(1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.
>
> "(2) When an attorney's fee is awarded against an employer or insurer under this section there may be further assessed against the employer or insurer reasonable costs, fees, and mileage for necessary

witnesses attending a hearing on the claimant's
behalf.  Both the necessity for the witness and
the reasonableness of the fees must be approved
by the division or the workers' compensation judge."

The basic controversy between the parties was one dealing
with the difference between the amount of benefits tendered
and the amount of benefits awarded, and the issue of whether
the claimant's disability was permanent was the foundation
for that controversy.  Because the court concluded that the
claimant was suffering from a permanent total disability, we
hold that under section 39-71-612, MCA, the claimant is entitled
to attorney fees and costs in relation only to his proof that
he was permanently totally disabled.

We affirm the judgment of the Workers' Compensation Court
insofar as it denies the claimant a lump sum settlement, but
remand for a determination of and award to the claimant of
those reasonable attorney fees and costs incurred in proving
he was permanently totally disabled.  We also order the Workers'
Compensation Court to amend its judgment to include a finding
that the claimant has sustained an injury which has left him
permanently and totally disabled.

Justice

We Concur:

Justices

-9-