No. 83-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

FRED J. RUPLE,

      Claimant and Appellant,

  -vs-

BOB PETERSON LOGGING COMPANY, Employer,

    and

GLACIER GENERAL ASSURANCE COMPANY,

      Defendant and Respondent.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry N. Trieweiler, Whitefish, Montana

    For Respondent:

        Larry E. Riley; Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs: February 2, 1984

Decided: April 19, 1984

Filed: APR 19 1984

_Ethel M. Harrison_
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Fred Ruple appeals from a judgment of the Workers' Compensation Court denying conversion of his future disability benefits into a lump sum payment. We affirm.

The essential facts of this case are not in dispute. Ruple was injured in 1977 during the course of his employment with Bob Peterson Logging Company. He was awarded weekly temporary total disability benefits on account of his injuries, but these were later reduced to partial disability benefits. After a trial before the Workers' Compensation Court in 1979, Ruple was awarded permanent total disability benefits. In 1981, a decision was made by the Administrator of the Workers' Compensation Division to reduce the claimant's weekly benefits on account of his being awarded Social Security disability benefits. This decision has effectively reduced his weekly workers' compensation benefits to $70.79.

In 1982, Ruple decided to seek a conversion of his weekly benefits into a lump sum payment. Ruple contends that a lump sum award will permit him to eliminate outstanding debts connected with his mobile home, truck and one personal expense loan and to purchase a lot for his mobile home so that he need not pay for rental space. By eliminating monthly loan repayment and rental expenses, Ruple maintains that his financial interests would be best served, and that this should entitle him to the lump-sum conversion.

The insurance company handling Ruple's benefits rejected his proposal, so he brought the matter before the Workers' Compensation Court in late 1982. Following a hearing and submission of briefs, the court denied conversion of his weekly benefits into a lump sum payment, finding no pressing

2

need for granting such a proposal. Nevertheless, the court acknowledged the advantages of paying off the indebtedness on the truck and personal loans, and indicated that Ruple could petition the Workers' Compensation Division for a partial lump sum advance for the remaining balance on those debts. In the event the Division agreed to such an advance, Ruple's weekly benefits would be reduced accordingly.

Ruple appeals from the judgment of the Workers' Compensation Court, raising two issues:

(1) Whether it was proper to consider the income of Ruple's wife in determining his need for a lump sum award; and

(2) whether it was proper for the court to refuse the conversion of all of Ruple's disability benefits to a lump sum.

CONSIDERATION OF WIFE'S INCOME

During the hearing, it was determined that Ruple receives $492 per month in Social Security benefits and approximately $283 per month in workers' compensation benefits. Ruple's wife, a baker for a local school district, receives $950 per month over a ten-month school year, with a net income per month of approximately $640. In determining Ruple's claim for lump sum conversion, the court took the wife's income into consideration. Ruple argues that this was improper and that the proposed conversion should be evaluated solely in light of his income. We disagree.

It is true, as Ruple maintains, that the Montana law of husband and wife generally protects one spouse from liability for the debts of the other spouse. See sections 40-2-106 and 40-2-205, MCA. Nevertheless, both provisions recognize that

3

expenses for necessities of the family are chargeable upon the property of both husband and wife. In this case, Ruple seeks a lump sum award in order to discharge debts and better provide for the necessities of food and lodging. Given this position, we cannot say that the general rule and not the exception embodied in the above-cited statutes applies here.

Moreover, we emphasize that examination of a claimant's needs requires the lower court to consider all of the assets plus needs and abilities of both spouses. To permit otherwise allows for an absurd treatment of the realities of a marital or family association. In the past we have considered both the favorable and unfavorable situations of a spouse in calculating the needs of a claimant. Compare, Bundtrock v. Duff Chevrolet (Mont. 1982), 647 P.2d 856, 39 St.Rep. 1211 (consideration of spouse's income in conjunction with claimant's to determine need) with Polich v. Whalen's OK Tire Warehouse (Mont. 1981), 634 P.2d 1162, 38 St.Rep. 1572 (consideration of wife's ill health in determining need for converting husband's disability benefits to lump sum award). In the immediate case, it was proper to consider the income of Ruple's wife in evaluating the best interests of the parties and the need for a lump sum benefit.

## THE PROPRIETY OF A LUMP SUM AWARD

The standard for review of a workers' compensation decision respecting lump sum awards was carefully set forth in Krause v. Sears Roebuck & Co. (Mont. 1982), 641 P.2d 458, 460-61, 39 St.Rep. 394, 397:

> "The general rule is that disability payments under the Workers' Compensation Act are biweekly. They may, however, at the discretion of the Workers' Compensation Division, be converted into a lump

4

sum settlement. While lump sum settlements are an exception to the general rule, they are not looked upon with disfavor and should be awarded without hesitancy where the claimant's interest would be best served. Willoughby v. Arthur G. McKee & Co. (1980), Mont., 609 P.2d 700, 702, 37 St.Rep. 620; Utick v. Utick (1979), Mont., 593 P.2d 739, 741, 36 St.Rep. 799; Laukaitis v. Sisters of Charity of Leavenworth (1959), 135 Mont. 469, 472-73, 342 P.2d 752, 755. The denial of a lump sum settlement will not be reversed on appeal unless the Workers' Compensation Court is shown to have abused its discretion. Willoughby, supra; Utick, supra; Kuehn v. National Farmers Union Property and Casualty Co. (1974), 164 Mont. 303, 521 P.2d 921; Kent v. Sievert (1971), 158 Mont. 79, 489 P.2d 104; Legowik v. Montgomery Ward (1971), 157 Mont. 436, 486 P.2d 867."

In the instant case, claimant Ruple expends approximately $598 per month in payments for his mobile home, truck, a personal loan and lot rental. By converting his disability benefits into a lump sum, which at his life expectancy from January 1, 1983 would entitle him to about $51,000, Ruple hopes to retire his indebtedness and purchase a lot for his mobile home at a cost of between $15,000 and $20,000. He contends that the result will permit him to "better live on the Social Security disability benefits he receives."

The Workers' Compensation Court noted that Ruple is capable of meeting his monthly expenses on his current income notwithstanding his indebtedness and concluded that there was no "pressing need" for the kind of lump sum conversion requested, although the court gave him the option of seeking a partial lump sum award to cover indebtedness on the truck and personal loans. We find no abuse of discretion in the formulation of this judgment. The record clearly supports the court's findings concerning Ruple's financial condition. Ruple is capable of meeting his current expenses, and there

5

is no evidence of increased and burdensome expenses in the near future. The court was also justified in concluding that a partial lump sum payment might be in Ruple's best interests. Ruple offered no testimony on the specifics of any proposed transaction for the purchase of a mobile home lot, other than to say that he thought he knew where he could purchase land. As far as the other loans were concerned, the court was obviously quite generous in permitting Ruple to prove his case for a partial lump sum before the Division.

The facts of this case are unquestionably distinguishable from those in cases like Utick, supra, where we held that it was an abuse of discretion to deny conversion of benefits to a lump sum award. Ruple has not been treated unfairly by compensation authorities and has not presented the kind of detailed investment plan which compensated for claimant Utick's failure to demonstrate a pressing need for conversion of his disability benefits. The mere fact that Ruple is indebted does not require either the Workers' Compensation Court or this Court to convert some or all of his benefits. To do so would be to stretch our decision in Kuehn v. Nat'l Farmer's Union Property and Cas. Co. (1974), 164 Mont. 303, 521 P.2d 921, Ruple's primary authority, far beyond its facts.

Because the evidence of Ruple's wife's income was properly considered and because the judgment of the lower court does not reflect an abuse of discretion, we affirm the decision of the Workers' Compensation Court.

_____
Justice

We concur:

6

John Conway Harrison

John L. Shelby

Daniel J. Slen

Justices