No. 85-40

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

RALPH V. BELTON,

        Claimant and Appellant,

    -vs-

CARLSON TRANSPORT, Employer,

    and

HARTFORD ACCIDENT & INDEMNITY CO.,

        Third-Party Defendant and Respondent,

    and

RICE TRUCK LINE, Employer,

    and

TRANSPORT INDEMNITY COMPANY,

        Defendant and Respondent.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelly & Halverson, P.C.; Sheehy, Prindle & Finn;
        Victor Halverson, Billings, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Larry E. Riley, Missoula,
        Montana
        Crowley Law Firm; L. Randall Bishop, Billings, Montana

Submitted on briefs: December 20, 1985

Decided: February 13, 1986

Filed: FEB 13 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, Ralph Belton, appeals the judgment of the Workers' Compensation Court. That court ordered a recoupment of an overpayment related to a social security offset; denied a requested total lump sum conversion; granted a partial lump sum conversion; denied penalty for unreasonable payment of medical expenses; and ordered payment of medical expenses.

We affirm in part and remand with instructions.

Three issues are presented for review:

1.    Whether it was error to permit recoupment of overpayments.

2.    Whether it was error to deny a total lump sum conversion.

3.    Whether it was error to deny penalty for insurer medical payments.

The appellant, Ralph Belton, is now 61 years old. He suffered a back injury in 1977 while working for Carlson Transport. Carlson Transport's compensation insurer was Hartford Accident and Indemnity. Hartford accepted liability and made payments to the appellant.

The appellant suffered injury to his back again in 1979. This time he was working for Barker Trucking. Barker was uninsured, but under contract with Rice Truck Line, insured by the respondent, Transport Indemnity.

The issue of which insurer was liable for successive injury in this case was decided in Belton v. Carlson Transport, et al. (Mont. 1983), 658 P.2d 405, 40 St.Rep. 158. Pursuant to the opinion in Belton the Workers' Compensation Court ordered the respondent, Transport Indemnity, to pay the

appellant's compensation benefits and accident-related medical costs incurred since the 1979 injury.

The issues in this case, as it is presently before this Court, developed in 1984 when the appellant petitioned for a hearing before the Workers' Compensation Court requesting a total lump sum payment, an order requiring the respondent to pay medical costs, and a statutory penalty for insurer unreasonableness. The respondent answered, requesting a denial and a termination of benefits until an existing overpayment related to the social security offset was repaid.

The Workers' Compensation Court denied a total lump sum conversion, but it did grant a partial lump sum advance. It ordered the respondent to pay the medical expenses, but it denied invoking the statutory penalty for insurer unreasonableness. It then ordered recoupment on behalf of the respondent for overpayment. This recoupment was to be paid from the partial lump sum advance.

The first issue is whether the Workers' Compensation Court erred in permitting recoupment of overpayments made by the insurers, Hartford and Transport Indemnity. In addition to appellant's biweekly compensation payments he received social security disability payments. Montana law allows an offset against compensation when an injured worker is also receiving social security disability. See, §§ 39-71-701(2) and 39-71-702(2), MCA. The insurers did not take this offset and by the time of the hearing on this matter overpayments equalled $18,461.58. Hartford had overpaid $14,630.81 of this amount and the respondent had overpaid the balance.

We hold that the insurers are entitled to the offset as found by the Workers' Compensation Court.

The second issue is whether the Workers' Compensation Court erred in denying a total lump sum conversion. The appellant sought a lump sum conversion because he had unpaid debts, an inefficient automobile, and costly monthly rent. One of the appellant's theories was that an outright purchase of a house would help eliminate his financial problems. The Workers' Compensation Court determined that it was in the appellant's best interest to award a partial lump sum to allow discharge of debt and to purchase a fuel efficient automobile. However, it determined that the appellant did not submit substantial credible evidence that it was in his best interest to purchase a home. We agree.

The Montana Workers' Compensation Act provides for lump sum payment. See, § 39-71-741, MCA. The Montana Legislature has recently amended this code section. See, Act of April 15, Ch. 471, Laws of Montana (1985). The effective date of the amendment followed the hearing on this matter and the amendment does not apply in this case.

The law in effect and applicable to the case presented here is that each case for a lump sum payment stands or falls on its own merits. Utick v. Utick (1979), 181 Mont. 351, 355, 593 P.2d 739, 741. The denial of a lump sum settlement will not be reversed on appeal unless the Workers' Compensation Court is shown to have abused its discretion. Ruple v. Peterson Logging Company (Mont. 1984), 679 P.2d 1252, 1254, 41 St.Rep. 704, 706. The general rule is that payments under the compensation act are periodic. Lump sum settlements are an exception to this rule. Utick (1979), 181 Mont. 351, 354, 593 P.2d at 741. Lump sum settlements are only granted where there is "outstanding indebtedness," "pressing need," or where "the best interests of the

- 4 -

claimant, his family and the general public will be served."
Willoughby v. Arthur McKee & Co. (1980), 187 Mont. 253, 257,
609 P.2d 700, 702.

The appellant here demonstrated outstanding indebtedness
in the amount of over $5,000 in addition to the $18,000 due
the insurers for overpayment of benefits. He also
demonstrated a pressing need for a better automobile. The
Workers' Compensation Court granted a lump sum payment for
the debts and the automobile but denied a total sum that
would enable the appellant to purchase a house. We hold that
this denial was a proper exercise of the court's discretion.

The appellant did not introduce evidence which showed he
had age or health reasons which necessitated the purchase of
a home. Testimony by appellant that he wished to avoid
future escalation of rent payments is not adequate to meet
the burden of advancing substantial credible evidence, Dumont
v. Wickens Bros. Construction Co. (1979), 183 Mont. 190, 201,
598 P.2d 1099, 1105, that there was "pressing need" for him
to purchase a house. Therefore, we hold the partial lump sum
advance was proper.

The third issue presented is whether the Workers'
Compensation Court erred in denying the appellant penalty for
respondent's unreasonable treatment of the medical cost
payment. The respondent was obligated to pay the appellant's
medical costs but it had refused to make these payments. The
Workers' Compensation Court found that this refusal was
unreasonable. The Workers' Compensation Court determined
that no statutory penalty applied, however, because the
statute spoke of compensation and not medical benefits.

This Court recently addressed this issue in Carlson v.
Cain (Mont. 1985), 700 P.2d 607, 42 St.Rep. 695. We decided

that the term "compensation benefits" within the penalty statute, § 39-71-2907, MCA, includes medical expenses and the penalty statute applied. Cain, 700 P.2d at 612-14, 42 St.Rep. at 699-703.

In light of our recent holding in Carlson, we remand the issue of statutory penalty to the Workers' Compensation Court for reconsideration of whether statutory penalty as provided in § 39-71-2907, MCA, applies in this case.

Affirmed in part and remanded with instructions.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Hon. Henry Loble,
District Judge, sitting
for Mr. Justice John C.
Sheehy