No. 86-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

LAVERN GARMANN,

        Claimant and Appellant,

    -vs-

E.R. FEGERT CO., Employer,

    and

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

        Defendant and Respondent.

APPEAL FROM:   The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford, Billings, Montana

    For Respondent:

        L. Randall Bishop, Billings, Montana

Submitted on Briefs: Feb. 19, 1987

Decided:  April 21, 1987

Filed: APR 21 1987

_____
              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Claimant appeals a Workers' Compensation Court decision denying a lump sum award of benefits and refusing to impose a 20% penalty on the insurance company. Two issues are presented on appeal:

(1) whether the Workers' Compensation Court erred in refusing to order a lump sum award of future benefits to claimant;

(2) whether the Workers' Compensation Court erred in refusing to impose the statutory 20% penalty on the insurance company for its actions.

We affirm.

On March 21, 1981, claimant suffered multiple injuries while working for E. R. Fegert Co. in Zortman, Montana, including fractures of the pelvis, ribs and lumbar spine. Claimant also suffered nerve injury to the upper right extremity. Employer's Insurance Company of Wausau (hereinafter insurance company), the workers' compensation insurer, paid claimant temporary total disability benefits from the date of injury, March 21, 1981 to September 10, 1982, and again from September 11, 1982 to December 6, 1982. Claimant was paid permanent partial disability benefits from December 7, 1982 through April 28, 1983, whereupon the insurance company suspended the payment of benefits after learning that claimant had been working as a front-end alignment mechanic. Upon receiving notice that claimant was not physically able to continue the work, the insurance company on January 27, 1984 reinstated permanent partial disability benefits and then upgraded payments to permanent total disability in December 1984. Claimant was paid lump sum advances on five separate occasions from December 1981 to

August 1984. Claimant's treating physician opined that maximum healing was achieved by April 1982. An orthopedic surgeon rated claimant's impairment at 25% of the lower extremity, and a neurologist added a 20% impairment rating for the upper extremities and cervical region. Rehabilitation tests revealed that claimant's optimal work setting would be a gross manual task requiring only light lifting. The rehabilitation counselor recommended that claimant find work as a driver/operator of some type of "smooth riding construction vehicle." Claimant subsequently received three and one-half days of training and worked as a front-end alignment mechanic, but as was previously stated, claimant elected to quit because of back and leg problems. Claimant did not attempt to find other work.

Further assessment of claimant's limitations in August 1983 revealed that claimant could only lift 10-15 pounds and was restricted to occasional squatting and no climbing or bending. A vocational specialist concluded that claimant's severe physical restrictions required future job placement in "light duty work," defined as "frequent lifting of ten pounds with no bending, lifting, pushing, stooping, or climbing." Claimant requested a lump sum award of future benefits for the purchase of a home, automobile and furniture. With any remaining award, claimant proposed to purchase an annuity. Claimant also requested that a 20% statutory penalty be imposed on the insurer for its actions.

The Workers' Compensation Court reviewed the evidence and found claimant to be permanently totally disabled from the date of injury, exclusive of the time in which he worked as a mechanic. However, the court said claimant was not entitled to a lump sum award because the record was virtually barren of any evidence to support such an award under the "best interests" test or the "financial sustenance" test.

The court also refused to impose the statutory 20% penalty on the insurance company, holding that the suspension of benefits for the time claimant worked as a mechanic was not unreasonable. The court said a valid dispute existed as to whether claimant was permanently totally disabled.

As to the lump sum award issue, § 39-71-741, MCA, provides that such an award is within the discretion of the Workers' Compensation Court. The standard of review is clear:

> "Lump sum settlements are granted in exceptional circumstances. Outstanding indebtedness, pressing need, or circumstances in which the best interests of the claimant, his family and the general public are served justify such a settlement. [Citations omitted.] The decision to award or deny a lump sum settlement will not be interfered with on appeal unless there has been an abuse of discretion. The Workers' Compensation Court will be presumed correct and affirmed if supported by substantial evidence, and reversed only if the evidence clearly preponderates against its findings. [Citations omitted.] Wide discretion will be afforded the Workers' Compensation Court in its determination. (Citations omitted.)"

LaVe v. School Dist. No. 2 (Mont. 1986), 713 P.2d 546, 547, 43 St.Rep. 165, 167; Hock v. Lienco Cedar Products (Mont. 1981), 634 P.2d 1174, 1178-79, 38 St.Rep. 1598, 1603-04.

Section 39-71-741 was amended by the 1985 legislature and we interpreted the legislative action as a means of codifying existing law. See Buckman v. Montana Deaconess Hosp. (Mont. 1986), 730 P.2d 380, 43 St.Rep. 2216. We quote the following passage from Buckman:

> [c]ase law has required claimants to submit financial plans when outstanding or delinquent debt is the basis for a

4

conversion request. Kuehn v. National Farmers Union Property and Cas. Co. (1974), 164 Mont. 303, 521 P.2d 921. Furthermore where the court has found the outstanding debt was not so significant as to necessitate a lump-sum conversion, it has been denied. Ruple v. Bob Peterson Logging Co. (Mont. 1984), 679 P.2d 1252, 41 St.Rep. 704. This prior law is directly reflected in the language of § 39-71-741(2)(c).

Subsection 2(d) of that same statute likewise codifies prior case law requiring that a claimant show the worthiness of her business venture plan and the adequacy of her business acumen. See Bundtrock v. Duff Chevrolet (1982), 199 Mont. 128, 647 P.2d 856; Krause v. Sears, Roebuck and Co. (1982), 197 Mont. 102, 641 P.2d 458.

Finally, § 39-71-741(3) allows the division to order "financial, medical, vocational, rehabilitation, educational or other evaluative studies to determine whether a lump-sum conversion is in the best interest of the worker or his beneficiary." These tests reflect the historical ways in which a claimant could assert that a conversion was in her best interests other than by showing strict financial necessity. Prior case law has held a conversion to be in the best interests of a claimant where medical considerations required that the claimant and his family move to a different climate. Polich v. Whalen's O.K. Tire Warehouse (1983), 203 Mont. 280, 661 P.2d 38. Prior case law has held it to be in the best interest of the claimant where diagnosed mental instability made the award of a lump sum necessary to relieve the claimant's abnormal anxiety. Legowik v. Montgomery Ward and Co. (1971), 157 Mont. 436, 486 P.2d 867.

The legislative use of the term "best interest" further convinces us that

5

> § 39-71-741(3), MCA, reflects the intent of the legislature to make explicit in the statutory language the previously used best interest test for the conversion of biweekly benefits.

Buckman, 730 P.2d at 383.

Stelling v. Rivercrest Ranches, Inc. (Mont. 1986), 730 P.2d 388, 390, 43 St.Rep. 2212, 2214, decided the same day as Buckman, states that the 1985 amendments to § 39-71-741 "merely expand the methods by which a claimant proves entitlement to a lump-sum award. The threshold test remains that of the best interests of the claimant." (Emphasis added.) This is the standard by which the Workers' Compensation Court must adjudge a claimant's request for a lump sum award.

The claimant bears the burden of justifying departure from periodic payments. Legowik v. Montgomery Ward & Co. (1971), 157 Mont. 436, 486 P.2d 867. The purpose of the periodic payment method is to preclude the possibility of an imprudent employee or dependent wasting the means of support and thereby becoming a burden upon society. Polich v. Whalen's O.K. Tire Warehouse (Mont. 1981), 634 P.2d 1162, 38 St.Rep. 1572. Lump sum settlements are an exception to the usual mode of payment contemplated by the Workers' Compensation Act. Utick v. Utick (1979), 181 Mont. 351, 593 P.2d 739.

Claimant requested a lump sum award of future benefits for the purchase of a home, automobile and furniture. The problem with claimant's argument is that age, health, or other pressing needs have not been shown to necessitate the purchase of the requested items. See Belton v. Carlson Transport (Mont. 1986), 714 P.2d 148, 43 St.Rep. 286. We find no abuse of discretion by the Workers' Compensation Court.

6

The second issue is whether the Workers' Compensation Court erred in refusing to impose the statutory 20% penalty on the insurance company for its actions. Section 39-71-2907, MCA, is the statute at issue:

> When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.

The standard of review is whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 580 P.2d 450.

There are several reasons justifying the delayed payment of compensation such as the existence of a bonafide controversy or genuine doubt from a medical or legal standpoint that any liability exists. Holton v. F.H. Stoltze Land & Lumber Co. (1981), 195 Mont. 263, 637 P.2d 10. In Metzger v. Chemetron Corp. (Mont. 1984), 687 P.2d 1033, 41 St.Rep. 1788, the claimant received partial lump sum advances of $6,000 plus overpayments of $7,287.97. The lower court found, and we agreed, that no basis existed for the consideration of a penalty.

7

Here claimant is arguing that the insurance company's suspension of benefits in April 1983 was unreasonable and therefore justifies the imposition of the statutory penalty on all accrued benefits from April 1983 to December 1984 and on all future total permanent disability benefits. This position is untenable in light of the fact that an insurance company may terminate benefits if it has knowledge that a claimant has returned to work. See § 39-71-609, MCA. Here the insurance company had knowledge that claimant had returned to work as a mechanic. A valid dispute existed as to whether claimant was permanently totally disabled therefore justifying the suspension of benefits for the time claimant worked as a mechanic. Once the insurance company was notified that claimant could no longer work in that capacity, it reinstated payment of permanent partial benefits and upgraded payment to permanent total benefits. We agree with the lower court that there is no evidence of unreasonable delay or refusal to pay compensation on the part of the insurance company. The Workers' Compensation Court found claimant to be permanently totally disabled from the date of injury excluding the nine months claimant worked as a front-end mechanic. We find substantial evidence to support the ruling of the Workers' Compensation Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

8

_____

John C. Sheehy
_____

William E. Hunter
Justices

9