MR. JUSTICE HUNT,
dissenting:
I dissent from the majority’s conclusion that the District Court did not abuse its discretion when refusing to award partial lump sum payments to Mr. Komeotis. While periodic payments are favored over lump sum payments when granting Workers’ Compensation benefits, this Court expressly recognizes that lump sum benefits should be awarded without hesitancy when it is in the claimant’s best interest. See, e.g., Polich v. Whalen’s O.K. Tire Warehouse (Mont. 1981), [_ Mont. __,] 634 P.2d 1162, 1164, 38 St.Rep. 1572, 1574; Willoughby v. Arthur G. McKee & Co. (1980), 187 Mont. 253, 257, 609 P.2d 700, 702; Utick v. Utick (1979), 181 Mont. 351, 355, 593 P.2d 739, 741.
The record clearly indicates, through the testimony of experts, that a lump sum payment is in Mr. Komeotis’s best interest. Specifically, these expert witnesses testified that Mr. Komeotis was severely depressed as a result of his inability to work and to provide a living for his family. When considering Mr. Komeotis’s background and his previous rehabilitative experiences, these experts testified that the plan for Mr. Komeotis to purchase rental property would greatly help to relieve his severe depression.
The majority recognizes that the lower court may have understated the severity of Mr. Komeotis’s depression, but claims the record contains substantial evidence supporting the lower court’s finding *346 that “counseling and rehabilitation would seem more appropriate than simply setting claimant up as an apartment house owner.” Komeotis v. William Fencing and State Compensation Insurance Fund, WCC Docket No. 8502-2934, at 26 (July 30, 1987). I disagree.
The record contains little or no evidence that rehabilitation and counseling alone will alleviate Mr. Komeotis’s severe depression. When asked about the benefits of counseling for Mr. Komeotis, Dr. Wagner, who holds a Ph.D. in clinical psychology, testified that “counseling usually occurs once a week, an hour once a week or so, and it would be difficult for him to overcome the depression. You know, once a week he’d come in and then the rest of the week he’d sort of slip . . . .” In addition, Dr. Baker, who holds a Ph.D. in counseling psychology, testified “that we had to get some kind of vocational direction for this person, or we could possibly have suicide on our hands, at the worse . . . .” Dr. Baker further testified that in light of Mr. Komeotis’s condition and background, a self-employment venture was the only possible vocational plan available to him.
On the other hand, no solid evidence can be found in the record to support the majority’s conclusion that substantial evidence exists to support the lower court’s findings that counseling treatments alone will alleviate Mr. Komeotis’s severe depression. The record does contain, however, substantial credible evidence that the claimant’s family and the public, will be better served if claimant is granted a lump sum payment that will let him take part in a program recommended by experts who examined him and offered the only real evidence of what can be done to help him fight his depression.
In the present situation, the lower court found that the apartment building was financially feasible and that Mr. Komeotis could “manage and supervise the building and that the result would mean more total income to the claimant [Mr. Komeotis] than if he merely collected his biweekly compensation.” Komeotis, WCC Docket No. 8502-2934, at 24. The overwhelming evidence found in the record indicates that Mr. Komeotis’s severe depression could be alleviated upon managing and supervising the apartment building.
I would reverse and order the lump sum paid so that the claimant can get on with rehabilitation.
MR. JUSTICES SHEEHY concurs with the foregoing dissent of MR. JUSTICE HUNT.