JUSTICE REGNIER
dissenting.
¶28 I disagree with the Workers’ Compensation Court and this Court and would award a penalty under the unique facts presented in this case. In my view the majority has construed § 39-71-2907, MCA (1981), too narrowly.
¶29 The Workers’ Compensation Court made the following findings with respect to CIGNA’s delay in providing its resident adjuster, Michelle Fairclough, authority to settle for $121,132. The Workers’ Compensation Court found that this matter would have been resolved in July 1998 and this legal action would never have ensued had CIGNA complied with the law and had a resident adjuster with authority present in Montana. The Court further found that a telephone *406 conversation occurred in November 1998, in which Ms. Fairclough communicated with Mr. Sheehy that CIGNA had approved the settlement for $121,132. Subsequent to this conversation, CIGNA’s out-of-state “corporate bureaucratic maze” (words of the Workers’ Compensation Court) then put their in-state adjuster in the position of attempting to change the terms of the agreed-upon settlement. The Workers’ Compensation Court found the delay resulted from CIGNA’s violation of Rule 24.29.804, ARM, which requires workers’ compensation carriers to designate an in-state adjuster with authority to settle claims. Most importantly, the Workers’ Compensation Court found that CIGNA’s delay was unreasonable especially in light of CIGNA’s violation of Rule 24.29.804, ARM. Because of CIGNA’s delay, the claimant was forced to file a petition for hearing on February 9, 1999, more than six months after the Workers’ Compensation Court found that the matter should have been resolved.
¶30 Notwithstanding this compelling factual account, both the Workers’ Compensation Court and this Court conclude that a penalty is not allowed because § 39-71-2907, MCA (1981), provides that penalties can only be awarded based on the “full amount of the compensation benefits due a claimant ...” The majority then refers to § 39-71-741, MCA (1981), which provides that all settlements are void without the specific written approval of the Division of Workers’ Compensation, now the Department of Labor and Industry. Read together, according to the majority, there can be no penalty if an insurer drags its feet in processing settlement documents or even violates specific regulations that control insurers because a settlement does not exist until it is approved by the Department.
¶31 As correctly noted by the majority, we must decide this case under the law that applied to persons injured in 1981. Section 39-71-104, MCA (1981), which has subsequently been repealed, provided:
39-71-104. Court to give liberal construction to chapter.
Whenever this chapter or any part or section thereof is interpreted by a court, it shall be liberally construed by such court.
In my view the majority has ignored this mandate. In Tweedie v. Industrial Accident Board (1936), 101 Mont. 256, 263, 53 P.2d 1145, 1148, we interpreted this statute to mean that the Act is to be liberally construed in order that the humane purposes of the legislation shall not be defeated by narrow and technical construction. Given the specific findings of the Workers’ Compensation Court that the insurer *407 disregarded the regulations of this state that govern insurers by not having a resident adjuster with authority to settle claims, that the delay caused by CIGNA was unreasonable, and that the delay prevented this claimant from receiving his settlement by over six months, it is a travesty that a penalty was not awarded. I would follow the mandate of § 39-71-104, MCA (1981), and interpret § 39-71-2907, MCA (1981), to mean that the compensation was due at a point in time sifter July 1998, when the Workers’ Compensation Court determined that the matter should have been resolved. This could have been accomplished by the Workers’ Compensation Court following up its findings in ¶ 30 (concluding that this matter should have been resolved by July 1998) with an additional finding that the compensation was due within a reasonable time thereafter, allowing for a period to process the settlement papers. The approval of the Division, now the Department of Labor and Industry, was a formality when the claimant and the insurer agreed upon a settlement. Certainly the legislature adopted § 39-71-2907, MCA (1981), to prevent the conduct such as was displayed by CIGNA in this case.
¶32 In Utick v. Utick (1979), 181 Mont. 351, 593 P.2d 739, we faced a similar unique situation and reversed the Workers’ Compensation Court denying the claimant’s request for a lump sum advance payment of benefits. In our decision we directed that a penalty be imposed. Just as in Utick, the facts of this case are compelling and a penalty should be awarded. I dissent.
JUSTICE HUNT and JUSTICE TRIEWEILER, join in the foregoing dissenting opinion.