No. 85-240

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

LYDIA LaVe,

        Claimant and Appellant,

   -vs-

SCHOOL DISTRICT #2, Employer,

     and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM:   The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelly & Halverson, P.C.; Sheehy, Prindle & Finn,
        Billings, Montana

    For Respondent:

        Crowley Law Firm; William J. Mattix, Billings, Montana

---

Submitted on Briefs: Oct. 10, 1985

Decided: January 26, 1986

Filed: JAN 28 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Lydia LaVe appeals a Workers' Compensation Court order awarding her permanent total disability benefits based on ten hours of work per week and denying a lump sum payment of her benefits. The issues on appeal are; (1) whether the lower court erred in basing the benefits on appellant's usual hours of employment rather than her earning capability, and (2) whether the lower court erred in denying appellant a lump sum award. We affirm the order of the Workers' Compensation Court.

Appellant has worked on and off at various unskilled labor positions since her childhood. Prior to 1977, these jobs generally entailed forty hours of work per week and paid the minimum wage or, in one instance, slightly more than the minimum wage. In 1977, appellant began working for Billings School District No. 2. At this job, appellant worked ten hours per week at $3.20 an hour. In March 1979, appellant was injured while working at her job at a Billings school and as a result, she is permanently, totally disabled. The School District's insurer, the respondent, accepted liability for wage and medical benefits under the Workers' Compensation Act. Since June 7, 1979, respondent has paid appellant temporary total disability benefits of $21.33 per week. Appellant has also received lump sum advances totaling $5,100.

In December 1984, appellant filed a petition with the Workers' Compensation Court requesting increased permanent total disability benefits and a lump sum payment of her benefits. Depositions were taken and a hearing was held on the petition in February 1985.

2

At the hearing, appellant testified that at the time of her injury she intended to quit her job at the school and find full-time employment. She stated that she was sure she could get a full-time job. Thus, she contends that her benefits should not be based on her part-time position. Appellant testified that she wanted a lump sum payment so she could invest the money. Neither appellant nor her husband had a specific investment in mind, nor had they talked with financial advisors or investment counselors. Both testified that they had outstanding debts and appellant's husband calculated their debts as at least $4,650.

The Workers' Compensation Court denied appellant's request for increased benefits and a lump sum payment. This appeal followed.

The first issue is whether the lower court erred in basing appellant's permanent total disability benefits on her usual hours of employment rather than her earning capabilty. Appellant cites § 39-71-116(13), MCA, for the proposition that her disability benefits should be based on her earning capability. Section 39-71-116(13), MCA, defines "permanent total disability" as "a condition resulting from injury as defined in this chapter that results in the loss of actual earnings or <u>earning capability</u> . . . " (Emphasis added.) Appellant asserts that she intended to get a job working forty hours a week and could have secured such a position. Therefore, she contends that under § 39-71-116(13), MCA, her benefits should be based on forty hours of work a week. This argument is without merit.

Notwithstanding the fact that the statutory definition of "permanent total disability" mentions earning capability, benefits for such a disability are based on the usual hours

3

of employment of the worker and not on earning capability. This is clear from the statutes. Appellant worked ten hours a week for the school. Section 37-71-702(1), MCA, directs that,

> Weekly compensation benefits for injury producing total permanent disability shall be 66 2/3% of the wages received at the time of the injury. The maximum weekly compensation benefits shall not exceed the state's average weekly wage. Total permanent disability benefits shall be paid for the duration of the worker's total permanent disability.

Section 39-71-116(20), MCA, defines wages as:

> . . . the average gross earnings received by the employee at the time of the injury for the usual hours of employment in a week, and overtime is not to be considered . . . (Emphasis added.)

The Workers' Compensation Court correctly computed appellant's benefits based on ten hours a week.

The second issue is whether the lower court erred in denying appellant a lump sum payment of her benefits. Section 39-71-741, MCA, provides that the award of a lump sum payment is within the discretion of the Workers' Compensation Court. The standard of review is clear:

> Lump sum settlements are granted in exceptional circumstances. Outstanding indebtedness, pressing need, or circumstances in which the best interests of the claimant, his family and the general public are served justify such a settlement. [Citations omitted.] The decision to award or deny a lump sum settlement will not be interfered with on appeal unless there has been an abuse of discretion. The Workers' Compensation Court will be presumed correct and affirmed if supported by substantial evidence, and reversed only if the evidence clearly preponderates against its findings. [Citations omitted.] Wide discretion will be afforded the Workers' Compensation Court in its determination. (Citations omitted.)

4

Hock v. Lienco Cedar Products (Mont. 1981), 634 P.2d 1174, 1178-79, 38 St.Rep. 1598, 1603-04.

In the instant case, appellant advances two principal reasons for requesting a lump sum payment. They are; (1) appellant and her husband have outstanding debts, and (2) appellant and her husband wish to invest the money and receive a return which would be greater than the weekly benefits. Neither appellant nor her husband have proposed a concrete, specific plan of investment. Neither of the two have personally contacted an investment or financial counselor. An investment counselor did testify for appellant on the return that appellant could expect if she was granted, and invested, a lump sum award. In Kent v. Sievert (1971), 158 Mont. 79, 81, 489 P.2d 104, 105, this Court held that where a claimant requested a lump sum payment proposing "to put it 'on interest,'" that proposed use was insufficient to warrant a lump sum payment. Kent is still the law and appellant's desired investment is not reason, by itself, to award her a lump sum payment. Otherwise, any claimant desiring a lump sum award could secure one by proposing to invest it. This would defeat the statutory intent of Montana's Workers' Compensation scheme, as lump sum awards are to be the exception. Section 39-71-741, MCA.

Here, appellant also desires to pay off her family's outstanding debts. However, we note that appellant has received lump sum advances totaling $5,100. These advances approximate the outstanding debts which appellant and her husband testified their family had.

Given the Kent case and the lump sum advances already made to appellant, we hold that the Workers' Compensation

5

Court did not abuse its discretion in denying a lump sum payment to appellant.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices