No. 85-584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

KENNETH K. KOMEOTIS,

        Claimant and Appellant,

   -vs-

WILLIAMSON FENCING, Employer,

   and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

_____

APPEAL FROM:  The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bottomly & Gabriel; Joe Bottomly, Great Falls, Montana

    For Respondent:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra, Great
        Falls, Montana

_____

Submitted on Briefs: April 17, 1986

Decided:  February 18, 1987

Filed: FEB 18 1987

*Ethel M. Harrison*
Clerk

# CORRECTION

Date __February 19, 1987__

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

Please make the following correction in the opinion in the case of:

Title: __KOMEOTIS v. WILLIAMSON FENCING and__

__STATE COMPENSATION INS. FUND, No. 85-584,__

Vol. _____ Rptr. __(Decided 2/17/87)__ Page _____

In first / second column, line _____ from top / bottom.

__(Page 2, line 4 from the top)__

__. . . appeal whether the District Court__

__erred in applying . . . .__

should read __. . . appeal whether the court erred__

__in applying . . . .__

Signed _Pamela W. Frost_
_Secretary to Justice Gulbrandson_

The expense of making changes is such that we cannot undertake it for items of merely typographical style.

West Publishing Co.

N182c

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Kenneth Komeotis appeals from that part of a Workers' Compensation Court order which denies him a lump-sum payment of workers' compensation benefits. The dispositive issue on appeal is whether the District Court erred in applying § 39-71-741, MCA, retroactively to appellant's request for a lump-sum payment. We reverse and remand this case for proceedings consistent with this Court's decision in Buckman v. State Comp. Insurance Fund (Mont. 1986), ____ P.2d ____, 43 St.Rep. 2216.

In February 1984, appellant suffered a work related injury which aggravated his degenerative arthritis. The respondent State Compensation Insurance Fund (State Fund) accepted liability and paid temporary total disability benefits to appellant. In May 1985, the State Fund converted appellant's benefits to permanent total disability benefits. Appellant requested that the Workers' Compensation Court grant him a lump-sum payment of a large part of his anticipated benefits.

The 1985 Montana Legislature amended § 39-71-741, MCA, the statute governing the lump-sum conversion of workers' compensation benefits. The amendments codified prior Montana case law on lump-sum conversions. The Workers' Compensation Court, in this case, found that the 1985 amendments enacted new, stricter guidelines for the granting of lump-sum payments. The court found that the amendments profoundly changed the substantive law on such payments. The court then applied the new criteria from the 1985 amendments retroactively to appellant's case and denied him a lump-sum payment.

2

This Court handed down the _Buckman_ decision (cited above) after the Workers' Compensation Court's ruling in the instant case. In _Buckman_, this Court specifically held that the statutory guidelines in the 1985 amendment to § 39-71-741, MCA, could not be applied retroactively. Thus, the Workers' Compensation Court erred in applying the new statute to appellant's claim.

We decline to address the other issues appellant raises. Reversed and remanded for further proceedings.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices