No. 87-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

KENNETH K. KOMEOTIS,

        Claimant and Appellant,

  -vs-

WILLIAMSON FENCING, Employer,
     and
STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bottomly Law Offices; Joe Bottomly, Great Falls,
        Montana

    For Respondent:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra,
        Great Falls, Montana

---

Submitted on Briefs:  March 18, 1988

Decided:  June 16, 1988

Filed:    JUN 1 6 1988

_Ethel M. Harrison_
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This case appears before us for the second time. The first appeal involved the Workers' Compensation Court's improper application of § 39-71-741, MCA, as amended in 1985. This Court reversed the lower court in the former appeal holding that the statute could not be applied retroactively. Komeotis v. Williamson Fencing (Mont. 1987), 736 P.2d 93, 44 St.Rep. 298. The case was remanded for a determination of the lump sum issue applying the law as it existed at the time of the injury. Komeotis, 736 P.2d at 93.

On remand the Workers' Compensation Court applied the correct law and denied the lump sum request as well as the claimant's request for attorney fees on the issue of disability. The claimant appeals this decision. We affirm.

The issues may be stated as follows:

(1) Did the Workers' Compensation Court err in denying the claimant's request for a partial conversion of his benefits to a lump sum?

(2) Did the Workers' Compensation Court err in denying the claimant's request for attorney fees for prevailing on the issue of disability?

The claimant, Mr. Komeotis, worked for Williamson Fencing for thirteen years before degenerative arthritis in his elbows rendered him incapable of performing his former job duties. The State Compensation Insurance Fund (Fund) provided temporary total disability benefits to Mr. Komeotis, but contested conversion of the entitlement to permanent

disability benefits. Mr. Komeotis petitioned for determination of the disability issue by the Workers' Compensation Court. Prior to adjudication of the disability issue the Fund conceded liability.

Mr. Komeotis also petitioned for partial conversion of weekly disability benefits to a lump sum of $120,000. Mr. Komeotis planned to spend $110,000 of that amount for the purchase and operation of rental property, and the remaining $10,000 to cover medical expenses for needed surgery, and for the purchase of a reliable vehicle. The petition also requested attorney fees. These issues were heard before the hearings examiner.

Expert testimony taken at the hearing revealed that Mr. Komeotis's plan to buy rental property was financially feasible. Experts also testified that having responsibility for the rental property would lessen the severe depression Mr. Komeotis had begun to experience since the onset of his disability. However, expert testimony also revealed that Mr. Komeotis's physical and educational deficits would hamper his ability to care for the rentals, and that other vocational options might ease his depression. The impact of Mr. Komeotis's vocational problems was lessened by testimony showing that friends and family would help him manage the rental enterprise.

After the hearing the Workers' Compensation Court reviewed the transcript, exhibits, and depositions. The lower court also considered the parties' proposed Findings of Fact and Conclusions of Law and supporting briefs. The lower court then ruled that Mr. Komeotis was entitled to a lump sum of at least $10,000 to have surgery and to purchase a vehicle, but denied Mr. Komeotis's lump sum request of $110,000 for the purchase and operation of the rental property. The lower court also granted attorney fees for the

resolution of the $10,000 lump sum, but refused attorney fees for resolution of the disability issue.

## ISSUE I.

Mr. Komeotis contends that the Workers' Compensation Court erred in its findings on the severity of his depression. Mr. Komeotis also contends that the lower court misapplied the best interest test to the financial facts of the case.

First, in regard to Mr. Komeotis's depression, the Workers' Compensation Court found that:

> Both Dr. Wagner and Jeff Baker testified as to claimant's depression and need for some sort of constructive outlet, reasoning that this need stems from claimant's strong work ethic and deep-rooted sense that in order to "feel good about himself as a man" he needs to be the primary bread winner in his family.

From this finding the lower court concluded:

> The claimant here has not presented any probative evidence of age or health reasons sufficient to override the preference for periodic payments. Testimony was presented as to claimant's depression and need to maintain his "manhood" by again becoming the primary breadwinner in his family. Despite Mr. Baker's attempt to characterize this depression as "suicidal," the Court found no evidence that this depression reached proportions beyond what any normal hard-working person would feel when they are no longer able to provide for themselves by their own efforts. ... [C]ounseling and rehabilitation would seem more appropriate [to alleviate the depression] than simply setting claimant up as an apartment house owner.

Mr. Komeotis contends that we should reverse because the lower court's characterization of his depression is not supported by the record.

4

The essential conclusion here is that the evidence presented was insufficient to override the preference for periodic payments. See Polich v. Whalen's O.K. Tire (Mont. 1981), 634 P.2d 1162, 1165, 38 St.Rep. 1572, 1575. A review of the record reveals that the lower court may have understated the severity of the depression. However, substantial evidence supports the lower court's finding that rehabilitation and counseling could provide Mr. Komeotis with the type of activity which would help to alleviate his depression. Given this finding, and the evidence of Mr. Komeotis's vocational deficits, we hold that the Workers' Compensation Court acted within its discretion by concluding that Mr. Komeotis failed to overcome the presumption for periodic payments.

We also hold that the lower court acted within its discretion by refusing to follow the results reached in Polich and Legowik v. Montgomery Ward (1971), 157 Mont. 436, 486 P.2d 867, cases where this Court affirmed the decision to grant lump sum benefits for health reasons. Unlike Legowik and Polich, we are asked here to reverse the finder of fact on a lump sum issue even though the lower court is more favorably situated than this Court to familiarize itself with the circumstances surrounding the applicant, to consider his or her needs, and the results which probably will follow action granting or denying the application. See Polich, 634 P.2d at 1164. Furthermore, in addition to the immediate health needs of the claimant, the lower court must consider the best interests of the claimant generally, as well as the best interests of his family, and the public. Utick v. Utick (1979), 181 Mont. 351, 355, 593 P.2d 739, 741. In weighing these interests, the presumption favors periodic benefits. Utick, 593 P.2d at 741.

5

In this case, other factors weighed against granting the lump sum request. Thus, we hold that the lower court acted within its discretion by refusing to follow Legowik, and Polich. We also hold Utick inapplicable as that case is limited to the particular cirmustances which appear therein, and we affirm as to this contention in issue 1.

Mr. Komeotis also argues that the lower court misinterpreted the dictates of the financial best interest test. Specifically, Mr. Komeotis argues that the evidence he presented disclosing that inflation will lower the value of his benefits in the future should have been accorded more weight.

The lower court's decision to not grant the lump sum because inflation would cause a future "pressing need" is consistent with this Court's previous dispositions where similar arguments were made. See Belton v. Carlson Transport (Mont. 1986), 714 P.2d 148, 43 St.Rep. 286; LaVe v. School District No. 2 (Mont. 1986), 713 P.2d 546, 43 St.Rep. 165.

Mr. Komeotis asserts that where a sound business proposal is coupled with evidence demonstrating health benefits from a lump sum conversion, the rule against inflation as justification for granting a lump sum does not apply. However, in addition to finding the lack of a pressing financial need, the lower court considered the claimant's physical and mental disabilities before concluding that the rationale from Belton and LaVe provided authority for rejecting the lump sum request. Thus, we are convinced the lower court acted within its discretion by refusing to distinguish Belton and LaVe, and the balance of issue 1 is affirmed.

## ISSUE II.

Mr. Komeotis contends that the lower court erred by not granting his request for attorney fees for resolution of the disability issue. The lower court found that this Court's previous decisions in Lasar and Yearout controlled this issue because liability for permanent disability was conceded here prior to trial. See Yearout v. Rainbow Painting (Mont. 1986), 719 P.2d 1258, 43 St.Rep. 1063; Lasar v. Oftedal & Sons (Mont. 1986), 721 P.2d 352, 43 St.Rep. 1239. We agree with the lower court that there must be an issue on disability benefits later judged compensable for an award on such benefits pursuant to § 39-71-612, MCA. Lasar, 721 P.2d at 354.

However, Mr. Komeotis contends that the rationale from Krause v. Sears Roebuck (1982), 197 Mont. 102, 641 P.2d 458, applies and distinguishes the instant case from Lasar and Yearout. The Fund responds that Krause should be distinguished from the instant case because it was only shortly before the hearing that discovery revealed the facts which compelled the Fund to concede the disability issue, and Mr. Komeotis was not required to submit proof on the disability issue. We agree and affirm the lower court's application of Lasar. Thus, both issues are affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
A. C. Gulbrandson.

_____

_____
Justice

Mr. Justice William E. Hunt, Sr., dissenting:


I dissent from the majority's conclusion that the District Court did not abuse its discretion when refusing to award partial lump sum payments to Mr. Komeotis. While periodic payments are favored over lump sum payments when granting Workers' Compensation benefits, this Court expressly recognizes that lump sum benefits should be awarded without hesitancy when it is in the claimant's best interest. See, e.g., Polich v. Whalen's O.K. Tire Warehouse (Mont. 1981), 634 P.2d 1162, 1164, 38 St.Rep. 1572, 1574; Willoughby v. Arthur G. McKee & Co. (1980), 187 Mont. 253, 257, 609 P.2d 700, 702; Utick v. Utick (1979), 181 Mont. 351, 355, 593 P.2d 739, 741.

The record clearly indicates, through the testimony of experts, that a lump sum payment is in Mr. Komeotis's best interest. Specifically, these expert witnesses testified that Mr. Komeotis was severely depressed as a result of his inability to work and to provide a living for his family. When considering Mr. Komeotis's background and his previous rehabilitative experiences, these experts testified that the plan for Mr. Komeotis to purchase rental property would greatly help to relieve his severe depression.

The majority recognizes that the lower court may have understated the severity of Mr. Komeotis's depression, but claims the record contains substantial evidence supporting the lower court's finding that "counseling and rehabilitation would seem more appropriate than simply setting claimant up as an apartment house owner." Komeotis v. William Fencing and State Compensation Insurance Fund, WCC Docket No. 8502-2934, at 26 (July 30, 1987). I disagree.

- 9 -

The record contains little or no evidence that rehabilitation and counseling <u>alone</u> will alleviate Mr. Komeotis's severe depression. When asked about the benefits of counseling for Mr. Komeotis, Dr. Wagner, who holds a Ph.D. in clinical psychology, testified that "counseling usually occurs once a week, an hour once a week or so, and it would be difficult for him to overcome the depression. You know, once a week he'd come in and then the rest of the week he'd sort of slip . . .." In addition, Dr. Baker, who holds a Ph.D. in counseling psychology, testified "that we had to get some kind of vocational direction for this person, or we could possibly have suicide on our hands, at the worse . . .." Dr. Baker further testified that in light of Mr. Komeotis's condition and background, a self-employment venture was the only possible vocational plan available to him.

On the other hand, no solid evidence can be found in the record to support the majority's conclusion that substantial evidence exists to support the lower court's findings that counseling treatments alone will alleviate Mr. Komeotis's severe depression. The record does contain, however, substantial credible evidence that the claimant's family and the public, will be better served if claimant is granted a lump sum payment that will let him take part in a program recommended by experts who examined him and offered the only real evidence of what can be done to help him fight his depression.

In the present situation, the lower court found that the apartment building was financially feasible and that Mr. Komeotis could "manage and supervise the building and that the result would mean more total income to the claimant [Mr. Komeotis] than if he merely collected his biweekly compensation." <u>Komeotis</u>, WCC Docket No. 8502-2934, at 24.

The overwhelming evidence found in the record indicates that Mr. Komeotis's severe depression could be alleviated upon managing and supervising the apartment building.

I would reverse and order the lump sum paid so that the claimant can get on with rehabilitation.

_William E Hunt_
Justice

I concur with the foregoing dissent of Mr. Justice William E. Hunt, Sr.

_John L. Sheehy_
Justice