MR. JUSTICE McDONOUGH
delivered the Opinion of the Court.
This appeal from the Montana Worker’s Compensation Court concerns the court’s denial of a request to lump sum benefits. Claimant, R. Gail Hernandez, petitioned to lump sum the majority of her entitlement alleging that financial hardship had created a pressing need for more household income. By placing the lump sum of benefits in various types of mutual funds and one real estate limited partnership, Hernandez hoped to increase her income by drawing a monthly rate of return from the investments. She also proposed that a portion of the lump sum benefits be used to establish funds generating a rate of return for her children’s post secondary education, emergencies, protection from inflation, and a down payment for the purchase of a house. The increase in income from her various investments would in part be used to make house payments. The lower court held that the proposal failed to overcome the presumption in the Montana Worker’s Compensation Act against lump summing benefits. We affirm.
Hernandez’s monthly income from bi-weekly payments totals $579.00. Hernandez also receives food stamps and lives in federally subsidized housing. Her food stamp entitlement fluctuates between $150.00 and $190.00 per month, and monthly rent for her four bedroom apartment totals $104. Hernandez does not qualify for Aid to Families with Dependent Children or Social Security Disability benefits. Her attorney will begin collecting a portion of her benefits each month to pay her agreed attorney fees. Hernandez’s husband lives in Peru and contributes little to the family income. Hernandez attempts to support five children and her sister-in-law using her bene *212 fits. The family income places the household well below the federal poverty line.
Evidence in the record established that lack of funds adversely affects Hernandez and her family. Hernandez must borrow money to provide for adequate medical care. Her eldest son works to provide money to attend college part-time. Hernandez testified she could not afford to provide high school graduation expenses for her eldest daughter.
Hernandez also testified to housing problems due to low income. Her third story apartment is too small and makes coming and going difficult because she suffers from a bad back. Hernandez believes that some of her neighbors exert a bad influence on her children. She has investigated the feasibility of obtaining better housing using the proposed fund for making a down payment on a home. However, she revealed no definite plan for obtaining the financing needed to complete a home purchase.
Hernandez contends on appeal that she demonstrated that a lump sum entitlement satisfied a pressing need and served her best interest. Thus, according to Hernandez, the lower court erred in denying her request. Hernandez also contends that the lower court’s decision is not supported by substantial evidence, and that the lower court denied her equal protection of the laws through its erroneous reasoning.
The State Compensation Insurance Fund (Fund) responds that Hernandez failed to make a showing sufficient to overcome the presumption favoring bi-weekly payments. For example, the Fund contends that evidence in the record demonstrates Hernandez exaggerated her financial problems. The Fund points out that Hernandez pays $20.00 per month for cable T.V., spends another $50.00 per month renting video tapes, and has already received lump sums to provide for medical debts and future medical expenses.
The Fund also contends Hernandez exaggerated her budget needs for medical expenses, and failed to pursue available programs for help in meeting her medical needs. The Fund also argues that the decision of the lower court may be justified by the negative impacts of Hernandez’s plan. Hernandez’s rent subsidy and food stamps would likely decrease with an increase in income. The Fund further asserts that an award of a lump sum to provide for educational expenses for Hernandez’s children fails to overcome the presumption favoring periodic benefit payments.
There exists a high probability that in inflationary times the *213 rate of return from investments purchased with a discounted lump sum of benefits will exceed the income generated by bi-weekly payments. 3 A. Larsen, The Law of Workmen’s Compensation § 82.72(d) (1988). However, Montana law requires more than a showing of increased income through a feasible investment plan. LaVe v. School District No. 2 (1986), [220 Mont. 52,] 713 P.2d 546, 548, 43 St. Rep. 165, 168. Otherwise, bi-weekly benefits would become the exception and lump sums the rule. LaVe, 713 P.2d at 548.
In passing on any lump sum proposal, the lower court must consider the best interests of the claimant, the claimant’s family, and the public. Komeotis v. Williamson Fencing (Mont. 1988), [232 Mont. 340,] 756 P.2d 1153, 1155-56, 45 St.Rep. 1098, 1101. In weighing these interests, the presumption favors bi-weekly payments. Komeotis, 756 P.2d at 1156. This Court affords the lower court with wide discretion in reviewing lump sum decisions because the lower court occupies the best position to familiarize itself with the needs of the claimant and the results which would probably follow granting or denying the petition for a lump sum. Komeotis, 756 P.2d at 1156.
In this case, an investment plan accompanies a strong showing of financial need. However, the increase in income would probably be accompanied by loss of subsidies. The proposed investment plan has an element of risk. The house purchase plan necessitates a large debt which will further increase the claimant’s expenses. The lower court considered the advantages and disadvantages of the plan and decided the presumption against lump summing controlled. Under these circumstances, we hold that the lower court acted within its discretion and that substantial evidence supports its decision.
Claimant’s equal protection argument also fails. Hernandez contends that the lower court’s decision rests on the classification of individuals. According to Hernandez, under the lower court’s reasoning, individuals with business acumen may receive lump sum benefits, and individuals without business acumen may not. Hernandez argues that this classification improperly infringes on the “fundamental” right to receive worker’s compensation benefits.
First, a review of the decision of the Worker’s Compensation Court reveals that the decision rested on the particular facts of this case. Most importantly, the lower court considered the interests of Hernandez, her family, and the public. The lower court concluded that in light of the particular facts of this case, the legal presumption favoring bi-weekly benefits controlled. Thus, there exists no issue *214 here on whether or not a classification based on possession of business acumen may survive equal protection analysis. AFFIRMED
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES GULBRANDSON and HARRISON concur.
MR. JUSTICE WEBER did not participate in this matter.