No. 88-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JAMES P. HEDEGAARD,

   Claimant and Appellant,

 -vs-

KNIFE RIVER COAL MINING CO.,
   Employer,
  and
STATE COMPENSATION INSURANCE FUND,

   Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy
      Reardon, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Lloyd E. Hartford, Billings, Montana

  For Respondent:

  Patricia Bell; Crowley Law Firm, Billings, Montana

Submitted on Briefs: April 27, 1989

Decided: July 25, 1989

Filed:

_____
        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Claimant James P. Hedegaard appeals from the Workers' Compensation Court's limited conversion of his biweekly benefits to a lump sum award. We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

Claimant is permanently totally disabled as the result of a back injury he suffered in 1980 and for which he has been receiving biweekly disability benefits. In May of 1986, claimant petitioned the Workers' Compensation Court for a partial lump sum award of $9,181.27 to enable him to pay off the loan on his 1984 Ford LTD. Before the petition was heard, the 1984 Ford was repossessed.

Claimant and his wife were left without reliable transportation when their 1980 Ford Pinto was destroyed by fire. In December, 1987, claimant financed the purchase of a new Buick automobile for approximately $12,900. Additionally, during this time claimant retained new counsel. Claimant's new attorney failed to amend the petition request of $9,181.27 for an amount sufficient to pay off the new Buick. During the hearing, the Workers' Compensation Court refused to allow any amendment of the $9,181.27 petition request. However, the court concluded that the claimant was entitled to a lump sum award for the purchase of the 1987 Buick:

> [Finding of Fact]
> 8. If the claimant is not awarded the requested lump sum, the 1987 Buick will be repossessed. Claimant and his wife need reliable transportation.
>
> . . .
>
> [Conclusion of Law]

>           2.    Claimant is entitled to receive
> an advance on his compensation in the
> amount of $9,181.27.    The insurer may
> recover the advance by reducing his
> weekly compensation by $20.00 per week.

Claimant requested attorney's fees based upon an hourly fee of $225 multiplied by 171.05 hours which his attorney claims were spent in pursuit of the lump sum award, notwithstanding that his attorney missed at least three deadlines for exchanging exhibits, preparing a final pretrial order and following the court's orders relative to the issues to be tried.    The court denied the request of $38,486.25 in attorney's fees and awarded an attorney fee based upon the 33% contingent fee agreement.

Claimant presents the following issues for our review:

1.    Did the Workers' Compensation Court abuse its discretion by awarding a partial lump sum advance of $9,181.27, rather than the $12,900 needed to pay off the 1987 Buick?

2.    Did the Workers' Compensation Court abuse its discretion by granting respondent a weekly recoupment of $20 per week from the claimant's disability benefits?

3.    Did the Workers' Compensation Court abuse its discretion by refusing to award attorney's fees without considering the documentation at an evidentiary hearing?

Issue No. 1

Did the court abuse its discretion by refusing to award sufficient funds to pay off the 1987 Buick?    We conclude it did.    The amount awarded, $9,181.27, was initially requested by claimant's original counsel to pay off the 1984 Ford LTD which was subsequently repossessed.    This sum originally included $1,836.25 in attorney's fees.

Claimant financed the purchase of a new automobile for an amount the court concluded was not unreasonable.    The

3

court also concluded claimant was entitled to a lump sum award because the claimant needed reliable transportation. Additionally, the court awarded the full $9,181.27 for the purchase of the automobile, and made a separate award of attorney's fees, even though the court earlier refused to allow any amendment of the petition request.

While we recognize the court's need to require adherence to pretrial orders, the facts of this case do not justify a denial of funds sufficient to pay off the automobile loan. This purpose of the lump sum request was known to the respondent since May of 1986, and no prejudice would have resulted had the court allowed the claimant to amend his petition. Additionally, the court did amend the petition, without objection by respondent, when it awarded the full $9,181.27 toward payment of the automobile loan.

The parties agree that, under these facts, the "best interest" of the claimant test determines whether the lump sum award is proper. In light of the court's determination that the claimant's best interests dictate that he is entitled to a lump sum award to pay off his automobile loan, we conclude it was unreasonable and an abuse of discretion to limit the award to an amount which is insufficient to meet that need.

Issue No. 2

Did the Workers' Compensation Court abuse its discretion in granting respondent a weekly recoupment of $20 per week from the claimant's disability benefits?

Claimant argues the insurer is only entitled to recoup advances at the distal end of the claim or at the time of full and final settlement. We disagree.

The Workers' Compensation Court concluded the insurer should be able to recover the advance through a reduction of the biweekly payments. This same conclusion was reached

4

earlier by the Workers' Compensation Court in Lecher v. Montana Physician's Service and Fireman's Fund, WWC No. 8503-2956, Volume VI, No. 325 (filed August 21, 1985). There the court reasoned at Conclusion of Law No. 5:

> It is not sufficient for a claimant to simply request a lump sum with credit to the defendant from the distal end of the claimant's entitlement. There may be factual situations in the past and in the future where that is an appropriate Court ordered award. However, most claimants are already on an extremely tight budget and simply planning on having a greatly reduced income or no income at some point in the distant future is not debt management nor is it a plan. Generally, claimant should anticipate a biweekly repayment to the defendant over their estimated lifetime entitlement.

A claimant is not entitled to double recovery of both a lump sum advance and the biweekly payments. Since a lump sum advance is merely the whole or partial conversion of a claimant's biweekly payments, the insurer is entitled to recover the advance. Additionally, the Workers' Compensation Judge considered the claimant's best interests, including his present and future income, and concluded the lump sum advance, offset by a $20 per week recoupment would meet the claimant's best interests. The Workers' Compensation Court, quoted Willoughby v. Arthur G. McKee and Co. (1980), 187 Mont. 253, 257, 609 P.2d 700, 702:

> "The criteria determinative of the advisability of conversion to a total or partial lump sum award have generally been held to be ' . . . the best interests of the claimant, his family and for the best interests of the public. . . ' [Citations omitted.] The existence of a 'pressing need' and/or 'outstanding indebtedness' has likewise

5

been held to be relevant criterion. . . [Citation omitted.]"

We conclude the court's decision was supported by substantial evidence and did not constitute an abuse of discretion when it allowed the insurer a weekly recoupment of the lump sum advance prior to a final settlement.

Issue No. 3

Did the Workers' Compensation Court abuse its discretion by refusing to award attorney's fees without considering the documentation at an evidentiary hearing?

On November 3, 1988, the court entered its findings of fact, conclusions of law, and judgment in which it awarded claimant reasonable costs and attorney's fees pursuant to § 39-71-612, MCA. The order read in part:

> If the defendant or the claimant believes the amount due the claimant's attorney is unreasonable, then each has 30 days from the date of this Order to file a Motion for Evidentiary Hearing Regarding Reasonableness of Attorney Fees . . .
>
> Thus, unless counsel can convince the Court otherwise, we are inclined to award the 33 percent contingency fee . . .

On November 23, 1988, claimant's attorney filed a Memorandum of Time and Costs in which he requested $38,486.25 in attorney's fees and $993.50 in costs, but he did not request an evidentiary hearing. Respondent filed an objection to the Memorandum and requested an evidentiary hearing. On December 8, 1988, the court awarded attorney's fees based upon the contingency fee agreement and stated that the claimant had not convinced him that any greater fee should be awarded.

Claimant now argues the court abused its discretion because it did not hold an evidentiary hearing on the

requested attorney fees. Claimant relies on our recent decision in Honey v. Stoltze Land and Lumber Co. (Mont. 1989), 769 P.2d 42, 46 St.Rep. 202, as requiring an evidentiary hearing before attorney's fees above the contingency agreement may be denied. We disagree.

The requested attorney's fees in Honey were denied by the Workers' Compensation Court, without any consideration, simply because the attorney did not request an evidentiary hearing. We reversed because we concluded the claimant's attorney was not required to request an evidentiary hearing before the court could consider the evidence under the Wight guidelines. Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303. In the present case, however, the evidence was considered and the court determined the requested fees were unreasonable. There was no abuse of discretion in denying the requested attorney's fees.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

Justice

We concur:

Chief Justice

Justices

7