No.   90-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CAROL CRITTENDON,

    Claimant and Respondent,

       v.

TERRI'S RESTAURANT & LOUNGE
and STATE COMPENSATION MUTUAL
INSURANCE FUND,

    Employer/Defendant and
    Appellant.


APPEAL FROM:   Workers' Compensation Court,
              The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Thomas E. Martello, Special Assistant Attorney
          General, Helena, Montana

       For Respondent:

          James P. Harrington, Butte, Montana

FILED

FEB 19 1991

Filed:
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 30, 1990

Decided:  February 19, 1991

/Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant State Compensation Mutual Insurance Fund appeals from an order of the Workers' Compensation Court granting the claimant Carol Crittendon a lump sum award for the purchase of an apartment house.

We affirm.

The issues presented on appeal are:

1. Was the decision of the Workers' Compensation Court granting claimant a lump sum award in claimant's best interest?

2. Was the State Compensation Mutual Insurance Fund denied its right to a fair and impartial hearing?

Carol Crittendon (claimant) injured herself on March 17, 1984, while employed at Terri's Restaurant and Lounge in Butte, Montana. She began receiving disability benefits shortly thereafter. In April of 1989, claimant filed a petition for hearing with the Workers' Compensation Court. The substance of the relief sought by the claimant was a conversion of future permanent total disability benefits into a single lump sum to be used for the purchase of an apartment complex in Helena, Montana.

Trial was held on June 15, 1989. On January 9, 1990, the hearing examiner issued Findings of Fact, Conclusions of Law, and an "Interim Order" tentatively granting claimant the requested lump sum but directing the claimant to submit within 15 days an appraisal of the apartment building and written reports concerning heating, plumbing, and electrical systems. The State Compensation Mutual Insurance Fund (State Fund) then filed a motion asking the

2

Workers' Compensation judge to exercise supervisory control, alleging that the issuance of the proposed findings had been served on the parties prematurely, that the order allowing post-trial appraisals violated the State Fund's due process right to cross-examine opposing witnesses, and generally opposing the hearing examiner's decision. The court reviewed the file and briefs and, based on its review, denied the request on February 22, 1990. On April 5, 1990, the court adopted the Findings of Fact and Conclusions of Law of the hearing examiner, and entered judgment. From that judgment the State Fund appeals.

The first issue is whether the decision to grant claimant a lump sum award to purchase an apartment building is in her best interest.

The Workers' Compensation laws in effect at the time of a claimant's injury are controlling. Buckman v. Montana Deaconess Hospital, 224 Mont. 318, 321, 730 P.2d 380, 382 (1986). On March 17, 1984, the date of the claimant's injury, the Workers' Compensation statute regarding lump sum awards stated:

> The biweekly payments provided for in this chapter may be converted, in whole or in part, into a lump-sum payment. Such conversion can only be made upon the written application of the injured worker or the worker's beneficiary, with the concurrence of the insurer, and shall rest in the discretion of the division, both as to the amount of such lump-sum payment and the advisability of such conversion. The division is hereby vested with full power, authority, and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing. The division shall directly notify every claimant of any division order approving or denying a claimant's settlement or compromise of a claim. A controversy

3

between a claimant and an insurer regarding the conversion of biweekly payments into a lump sum is considered a dispute for which the workers' compensation judge has jurisdiction to make a determination.

§ 39-71-741, MCA (1983).

This statute has been interpreted to mean that "[l]ump sum settlements are only granted where there is 'outstanding indebtedness,' 'pressing need,' or where 'the best interests of the claimant, his family and the general public will be served.'" Willoughby v. General Accident Fire and Life, 187 Mont. 253, 257, 609 P.2d 700, 702 (1980) (citations omitted). While the presumption is in favor of periodic payments, where the best interests of the parties will be served by lump sum conversions, "they should be awarded without hesitancy . . ." Utick v. Utick, 181 Mont. 351, 355, 593 P.2d 739, 741 (1979). Appellant argues that because the apartment house investment is a "passive investment" and because the investment puts the balance of claimant's lifetime benefits at risk, it is not in her best interest and is therefore contrary to Montana law.

Decisions regarding "active" and "passive" investments are, as pointed out by the Workers' Compensation Court, made on a case-by-case, fact-by-fact basis. The State Fund maintains that the facts of Daniels v. Kalispell Regional Hospital, 230 Mont. 407, 750 P.2d 455 (1988), and Komeotis v. Williamson Fencing, 232 Mont. 340, 756 P.2d 1153 (1988), both denying lump sums, are so similar to the facts before us that this request should also be denied. A review of those facts, twice by the Workers' Compensation Court and now

4

by us, yields a different conclusion.

In Daniels, the claimant requested a lump sum conversion in order to set up an excavation business in which she would do the office work and her husband would run the backhoe. The Court held that Ms. Daniels' role was too remote and the business was too risky (her husband had only limited backhoe experience and had never bid on an excavation job) to justify investing a large portion of her benefits. In Komeotis, the claimant requested a partial lump sum conversion for the purchase and operation of rental property. This Court held, however, that the lower court had properly determined that the claimant's need was not pressing enough and his physical and mental disabilities were such that a lump sum was not in his best interest.

Here there are none of the drawbacks of Daniels or Komeotis. This will not be a "passive" investment as evidenced by the extensive list of tasks claimant will perform in managing the building. These include handling accounts, coordinating maintenance, performing bookkeeping, and meeting with tenants. While it is true she will receive help from family members, she will still be the chief overseer of the rentals and will take responsibility for the work of her employees. Although she may only need to be "on site" for a few hours a month, most of her labor will be "behind the scenes." That fact, however, does not diminish her role as owner/manager. The claimant has also demonstrated a pressing need and her physical limitations are not debilitating. Thus her situation is not similar to those presented

by the State Fund and no abuse of discretion by the Workers' Compensation Court is evidenced.

The second issue is whether the State Fund was denied its right to a fair and impartial hearing.

The State Fund claims that by requesting appraisals on the heating, plumbing, and electrical systems of the apartment building after the trial, the court deprived the Fund of its right to cross-examine opposing witnesses, and allowed the claimant to prove her case after trial. Citing the court's order denying motion for writ of supervisory control:

> The Court has granted lump sum conversions when specific documentation was unclear at the time of trial as to the exact nature or extent of the debt and directing the parties to obtain that information post-hearing, and if consistent with the claim and allegations made at the time of trial, has awarded such benefits.

The Workers' Compensation Court reviewed claimant's evidence for the hearing and again for the defendants' motion for the Writ of Supervisory Control. We find nothing in the record to show the court abused its discretion in finding overwhelming support for the feasibility of the claimant's proposal. It reached this conclusion without benefit of the post-trial appraisals and therefore did not deprive the State Fund of its right to a fair hearing.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

6

John Conway Harrison

John C. Sheehy

C. C. McDonough

Gene B. Daly

_____
Justices