No. 91-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STANLEY STRUCTURES,

       Employer,

and

AETNA LIFE AND CASUALTY COMPANY,

       Insurer and Respondent,

  -vs-

CHESTER SCRIBNER,

       Claimant and Appellant.

APPEAL FROM:  The Workers' Compensation Court,
             The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          R. Russell Plath; Halverson, Sheehy & Plath,
          Billings, Montana

      For Respondent:

          Brendon J. Rohan; Poore, Roth & Robinson, Butte,
          Montana

Submitted on Briefs: February 6, 1992

Decided: June 4, 1992

FILED

JUN -4 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Claimant, Chester Scribner (Scribner), appeals from a judgment of the Workers' Compensation Court issued on September 16, 1991, which ruled in favor of the insurer (Aetna). The order entitled Aetna to recoup lump sum advances and social security overpayments by reducing Scribner's weekly workers' compensation benefits. Further, Scribner was not entitled to an additional lump sum advance. We affirm.

On May 16, 1979, Scribner suffered an injury arising out of and in the course of his employment. Scribner was injured when the 650 pound wheelbarrow he was pushing tipped over, resulting in torn muscles in his lower back. At the time of Scribner's injury, his employer was insured under Plan II of the Workers' Compensation Act. Aetna accepted liability for Scribner's injury. In addition to paying medical, temporary total, and permanent total disability benefits, Aetna advanced Scribner three lump sum payments.

On April 2, 1984, the Social Security Administration determined that Scribner was eligible for social security disability benefits as of May 17, 1979.[1] Therefore, on April 2, 1984, Aetna decreased Scribner's workers' compensation benefits to the social security offset rate provided for in § 39-71-702(2), MCA (1978). Aetna also determined that, prior to April 2, 1984, it

---

[1] Claimant received social security disability benefits from November 1, 1979, through November 1, 1982, while he was receiving full workers' compensation permanent total disability benefits. Thereafter, he started receiving social security disability benefits on June 1, 1983, continuing to present until he reaches age 65, at which time he will receive social security retirement benefits for which no offset exists in the Workers' Compensation Act.

2

overpaid Scribner approximately $7,702 due to the social security offset.

Additionally, with court approval, Aetna advanced Scribner three lump sum payments from June 6, 1980, through June 2, 1982, totalling approximately $17,779.

Aetna petitioned the Workers' Compensation Court for an order allowing Aetna to reduce Scribner's benefits to recoup overpayments and lump sum advances previously made to him. Scribner cross-petitioned requesting an additional lump sum payment for debt management. Subsequently, the parties commenced settlement negotiations which resulted in a tentative settlement. When Scribner refused to sign the settlement agreement, Aetna moved the court to enforce the settlement agreement. On June 20, 1991, Hearings Examiner, David J. Patterson, heard Aetna's motion to enforce the settlement agreement as well as all other matters raised by the parties.

The hearings examiner issued proposed findings of fact and conclusions of law on September 12, 1991, denying Aetna's motion to enforce the settlement agreement and Scribner's request for an additional lump sum advance. The hearings examiner determined that Aetna could reduce Scribner's weekly benefits to recoup the amount Aetna overpaid Scribner. The Workers' Compensation Court adopted the hearings examiner's proposed findings and conclusions on September 16, 1991, from which Scribner appeals.

Scribner presents the following issues for our review:

1. Did the Workers' Compensation Court err in allowing Aetna to recoup social security overpayments and lump sum advances from

3

Scribner by reducing his weekly workers' compensation benefits?

2. Did the Workers' Compensation Court err in denying Scribner's request for an additional lump sum advance to implement a debt management plan?

I.

From the time of his injury until April 2, 1984, Scribner received full workers' compensation benefits and social security disability benefits. Section 39-71-702(2), MCA (1978), allows an offset against workers' compensation benefits when the injured worker receives social security disability benefits. Belton v. Carlson Transport (1986), 220 Mont. 194, 196, 714 P.2d 148, 149. Aetna did not take the offset until April 2, 1984, at which time it reduced Scribner's compensation to the offset rate. Aetna determined that it overpaid Scribner approximately $7,702. Scribner does not dispute the amount or Aetna's entitlement to recoup the social security overpayments; Scribner's argument focuses on the manner in which Aetna proposed, and the Workers' Compensation Court adopted, to realize the recoupment.

In addition to recoupment of the overpayments due to the social security offset, the Workers' Compensation Court concluded that Aetna is entitled to recoup the lump sum advances previously made to Scribner, totalling approximately $17,779. Scribner contends that Aetna is only entitled to recoupment of the lump sum advances when a final settlement is reached between the parties. We disagree.

> A claimant is not entitled to double recovery of both a lump sum advance and the biweekly payments. Since a lump sum advance is merely the whole or partial conversion of a claimant's biweekly payments, the insurer is entitled

4

to recover the advance.

Hedegaard v. Knife River Coal Mining Co. (1989), 238 Mont. 290, 293, 776 P.2d 1225, 1227.

The appropriate standard of review for reviewing conclusions of law by the Workers' Compensation Court is to determine whether the lower court's interpretation of the law is correct. Raffety v. Kanta Prod., Inc. (Mont. 1991), 819 P.2d 1272, 1273, 48 St.Rep. 926. In the case at bar, the parties essentially agree on the facts. They disagree as to the Workers' Compensation Court's determination of what the law requires for an insurer to recoup overpayments. Here, case law indicates that insurers are entitled to recover lump sum advances. Since the Workers' Compensation Court interpreted the law correctly, it did not err in concluding that Aetna was entitled to recoupment of the social security overpayments and the lump sum advances.

II.

Scribner maintains that if this Court finds that Aetna was entitled to recover the overpayments, the Workers' Compensation Court erred in allowing Aetna to reduce Scribner's weekly benefits because with the reduction, Scribner's expenses exceed his income. Scribner contends that he is entitled to an additional lump sum advance to implement his proposed debt management plan before the court can reduce his weekly benefits.

Scribner sought a lump sum advance of $88,000 to reimburse Aetna for its prior overpayments and to pay off Scribner's home mortgage, automobile expenses, and miscellaneous debts. Paying these debts in full would leave Scribner with monthly income in

5

excess of his monthly expenses even with an offset to his weekly benefits.

On May 16, 1979, the date of Scribner's injury, the statute controlling lump sum advances stated in part:

> The biweekly payments provided for in this chapter may be converted, in whole or in part, into a lump-sum payment. Such conversion can only be made upon the written application of the injured worker or the worker's beneficiary and shall rest in the discretion of the division, both as to the amount of such lump-sum payment and the advisability of such conversion. The division is hereby vested with full power, authority, and jurisdiction to compromise claims and to approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. . . .

Section 39-71-741, MCA (1978). Lump sum settlements are granted in situations in which outstanding indebtedness exists, a pressing need is shown, or the best interests of the claimant, his family and the general public will be served. Willoughby v. Arthur G. McKee & Co. (1980), 187 Mont. 253, 257, 609 P.2d 700, 702.

Generally, the best interests of the claimant are served by compensating the claimant in regular periodic installments; lump sum conversions of periodic benefits are the exception rather than the rule. Phelps v. Hillhaven Corp. (1988), 231 Mont. 245, 252, 752 P.2d 737, 741-42 (citation omitted). However, if the best interests of the parties will be served by lump sum conversions, the Workers' Compensation Court should award them without hesitation. Crittendon v. Terri's Restaurant & Lounge (1991), 247 Mont. 293, 295, 806 P.2d 534, 536.

Scribner possessed the burden of proving that a lump sum conversion was in his best interest. Phelps, 231 Mont. at 252, 752 P.2d at 742. He failed to meet this burden. An additional lump

6

sum would benefit Scribner by reducing his monthly expenses at the present time. However, the fact that Scribner's debts exceed his income does not require conversion of Scribner's weekly benefits into a lump sum settlement. Ruple v. Bob Peterson Logging Co. (1984), 209 Mont. 276, 281, 679 P.2d 1252, 1254.

The Workers' Compensation Court is the proper forum for determining how an insurer can recover overpayments. In this case, the court denied Scribner's lump sum request because Scribner's tax-free yearly income does not justify such a result. Further the court found that a reduction in Scribner's weekly benefits (by $25 per week until the overpayments are repaid) is fair and reasonable. The court's findings of fact are undisputed and the court made correct conclusions of law. Therefore, we will not disturb its ruling.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

7

Justice William E. Hunt, Sr., dissenting.

I dissent. The benefits received by the claimant are insufficient to cover his living expenses, and the fact that this Court finds that reducing his income by $25 per week until overpayments are repaid is fair and reasonable does not mean that it is enough for claimant and his family to live on.

In its majority opinion, this Court states that lump sum settlements are granted in situations in which outstanding indebtedness exists, a pressing need is shown, or the best interests of the claimant, his family, and the general public will be served. Willoughby v. Arthur G. McKee and Co. (1980), 187 Mont. 253, 609 P.2d 700. The Court further states that the fact that claimant's debts exceeded his income does not require conversion of his weekly benefits into a lump sum settlement. As a matter of law, it does. While a carrier is entitled to receive its overpayments, a lump sum advance would be in the best interest of the claimant, his family, and the general public, and therefore, the reduction of his income to below his obligations is contrary to the statement of law as set forth in Willoughby. I dissent.

_____
Justice

8

June 4, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

R. Russell Plath
Halverson, Sheehy & Plath
P.O. Box 1817
Billings, MT 59103-1817

Brendon J. Rohan
Poore, Roth & Robinson
1341 Harrison Ave.
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy