No. 03-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 57

TIM I. MARTIN,

Petitioner and Appellant,

v.

THE HARTFORD,

Respondent and Respondent.

APPEAL FROM:     Workers' Compensation Court, State of Montana,
                 The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Richard J. Martin, Linnell, Newhall, Martin & Schulke, P.C., Great Falls,
                Montana

        For Respondent:

                William O. Bronson, Smith & Oblander, P.C., Great Falls, Montana

                                Submitted on Briefs:  October 23, 2003

                                        Decided:  March 10, 2004

Filed:

        _____
                            Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The dispute in this case centers on whether Appellant, Tim Martin (Martin), is entitled to a lump-sum distribution of his permanent total disability benefits from Respondent, The Hartford (Hartford), his employer's workers' compensation insurer. The Workers' Compensation Court found that Martin had demonstrated neither a pressing financial need for a lump-sum distribution, nor had he demonstrated that a lump-sum would serve his best interests.

¶2     We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Martin injured his back in 1998, loading a cable reel into a truck. In 1999, he re-injured his back when he slipped and fell at work. Hartford accepted liability for both injuries and conceded that Martin is permanently totally disabled. Hartford pays Martin bi-weekly permanent total disability benefits based on the 1999 injury. Martin receives $716.62 per month in workers' compensations benefits from Hartford. He attempted to negotiate a lump sum settlement with Hartford, but to no avail. He then petitioned the Workers' Compensation Court for an order awarding him a lump sum distribution. His request was denied.

## STANDARD OF REVIEW

¶4     Workers' Compensation Court decisions denying lump sum settlements will not be interfered with on appeal unless there is an abuse of discretion. Its findings are presumed to be correct and will be affirmed if supported by substantial evidence. Martin has the

burden of proving that the lump sum conversion is in his best interest. *Sullivan v. Aetna Life & Casualty* (1995), 271 Mont. 12, 15, 894 P.2d 278, 280.

## DISCUSSION

¶5 Lump sum distributions have always been the exception to the rule that favors periodic payments. *Sullivan*, at 16. Martin implores us to change this standard, arguing that the standard was developed prior to the 1985 amendments to the Workers' Compensation Act. Martin believes that with the amendments, the Act now protects both the worker and the insurer from any potential risks traditionally associated with lump sum conversions. Specifically, Martin believes that the provision in § 39-71-741(2), MCA, requiring lump sums to be discounted to present value limits the insurer's liability to what the insurer is required to keep in its reserve accounts. Section 39-71-710, MCA, cuts off an insurer's liability when the worker becomes eligible for social security retirement benefits. With respect to worker protection, Martin argues that the availability of social security disability benefits will prevent injured workers from becoming wards of the state if the lump sum is inappropriately dissipated. As an alternative to his statutory arguments, Martin argues that the court neglected to consider his wife's best interest along with his own, and that denial of lump sum benefits is unfair to her. Martin believes that the court's ruling improperly requires the family to rely on his wife's income to make up for Martin's loss of income.

¶6 We decline to judicially tamper with a standard that has been the law for seventy years, and note that the bulk of Martin's argument is more appropriately taken to the

3

Legislature. At this point, Montana's statutory scheme does not allow lump sums to be awarded on demand. This is clearly evidenced by § 39-71-741, MCA, which sets forth a limited set of circumstances wherein a claimant is eligible to receive a lump sum distribution. As noted by the Worker's Compensation Court, it is speculative at best whether Martin's request even falls within the statutory scheme, which appears to limit lump sum distributions for permanent total disability benefits to $20,000.[1] Assuming, arguendo, that § 39-71-741(1)(c), MCA, does cover Martin's request, the court properly determined that Martin had not demonstrated financial need related to (1) the necessities of life; (2) a pre-injury accumulation of debt; or (3) a feasible self-employment venture, and therefore did not satisfy the statutory criteria.

¶7 Alternatively, Martin's request is one in which the court is asked to use its equitable powers to reach the result he desires. This Court has established a best interests test in evaluating requests for lump sum settlements. *Sullivan,* at 17. Courts applying the best interests test may consider all aspects of a claimant's personal situation, including his physical and mental health, family situation, level of maturity, and financial condition. *See e.g., Polich v. Whalen's O.K. Tire Warehouse* (1983), 203 Mont. 280, 661 P.2d 38; *Utick v. Utick* (1979), 181 Mont. 351, 593 P.2d 739; *Ruple v. Bob Peterson Logging Co.* (1984),

---

[1] Martin's request exceeds $100,000. The Workers' Compensation Court was informed by counsel for the parties that the Department of Labor interprets § 39-71-741(1)(c), MCA, as allowing lump sum awards in excess of $20,000. The court noted that it had serious reservations about this interpretation and set forth its reasons for these reservations. However, the court also noted that the Department was not a party to the suit and that the issue was not briefed or argued at trial, therefore, it did not rule on the correctness of the interpretation. Likewise, we do not here rule on the correctness of the Department's purported interpretation.

209 Mont. 276, 679 P.2d 1252. In considering a claimant's financial situation, the review may encompass the claimant's outstanding indebtedness, and whether the claimant has any pressing financial needs. *Sullivan*, at 18. With respect to Martin's wife's income, it is true that Montana law protects a spouse from liability for the other spouse's debt. Section 40-2-106, MCA. However, the law also recognizes that expenses incurred for family necessities are chargeable to both husband and wife. *Ruple,* at 278. Review of an injured worker's claim requires the court to consider the needs and abilities of both spouses, because "[t]o permit otherwise allows for an absurd treatment of the realities of a marital or family association." *Ruple,* at 279.

¶8 The Workers' Compensation Court heard all the evidence and was not persuaded that a lump sum award was in Martin's overall best interest. Nor was there any evidence that Martin's financial situation was one of pressing need. The court found that Martin has outstanding debt of approximately $103,000 while his assets total approximately $180,000. It found that Martin was doing well financially on his bi-weekly benefits; that his monthly income exceeds his monthly expenses; that he has other sources of income that will allow for payment of extraordinary expenses; that he is able to financially assist his adult children from time to time; that he has invested in annuities and purchased gold; and that he is still able to take periodic vacations. Substantial evidence supports the findings of the Workers' Compensation Court.

## CONCLUSION

¶9 Martin testified at trial that his request for lump sum distribution is based on his desire

to provide for his family in the event of his death. His goal is to pay off his mortgage with the lump sum and invest the remainder. The Workers' Compensation Court acknowledged that these are reasonable goals and that Martin is not living extravagantly. However, the court also found that investment and estate building do not provide justification for lump sum distributions when neither the statutory nor the best interests standards have been met. *See LaVe v. School District #2* (1986), 220 Mont. 52, 713 P.2d 546; *Kent v. Sievert* (1971), 158 Mont. 79, 489 P.2d 104. The Workers' Compensation Court did not abuse its discretion in its findings. Its legal conclusions are correct.

¶10    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA O. COTTER

6